STATE OF MISSOURI, Respondent, v. T. A. CLARK, Appellant.

Kansas City Court of Appeals, June 15, 1885.

PRACTICE—CRIMINAL LAW—INDICTMENT FOR SELLING LIQUOR.—Unless every fact which is an indispensable element in the offence be proved, the court should not declare *as matter of law*, that the offence has been made out; but should leave it for the jury to say whether the scheme was a mere evasion. Bishop Stat. Crimes, sect. 103.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, J.

*Reversed and remanded.*

The facts sufficiently appear in the opinion of the court.

McREYNOLDS & HALLIBURTON, for the appellant.

I. The appellant relies, for several reasons, mainly upon two points: (1) That the case tried and upon which the defendant was convicted, was a different offence from the one upon which he was tried and convicted before the justice. [He was convicted before the justice on evidence of a sale of one drink to one Mattix, and on appeal to the circuit court, the state abandoned the sale to Mattix and relied for conviction on the facts stated in the opinion of the court]. Sects. 2058 and 3058, Rev. Stat. Mo., 1879; *Webb v. Tweedie*, 30 Mo. 488; *Hansberger v. Pac. Ry. Co.*, 43 Mo. 196. (2) That the facts upon which the court instructed the jury to convict in the circuit court are insufficient to sustain the conviction, and do not constitute a sale, let alone such a one as contemplated by the statute. *Hogg v. People*, Illinois App. Ct., etc., No. 10, 1884, reported 17 Cent. L. Journal, p. 476; *United States v. Howell*, U. S. Circuit Court, W. D. Louisiana, reported in 20th Federal Reporter, p. 718, and 19th Cent. Law Journal, p. 137.

No brief on file for respondent.

Opinion by ELLISON, J.

This is an indictment against defendant for selling liquor in less quantities than one gallon. He was tried and convicted in the court below, and appeals to this court.

The following facts appeared in evidence on cross-examination of defendant. That Clark and a number of his neighbors at Smithfield made up a club and sent to St. Louis for a ten gallon keg of whiskey, agreeing before they sent on the amount each one was to take, and that each one was to pay just what it cost to get it; including his proportion of the freight, the money not being advanced because it was not known what it would cost. Clark having been in the saloon business, he was to order the whiskey, and not knowing the price, it was agreed that each one was to pay his proportion when the liquor came. The liquor came and was divided among the club in the quantity agreed upon at the time of sending, some taking one gallon, some two gallons, and two taking one-half gallon each, and paying Clark therefor the cost of same. The court instructed the jury that the delivery of the half gallon, as above set forth, was a sale of liquor in less quantity than one gallon without license, and that they should find defendant guilty.

Speaking of the sale of intoxicating liquor, Bishop in his Statutory Crimes, section 1013, says: "From whatever motive parties so shape a transaction that it does not constitute a sale, or a sale of the forbidden quantity, and it is not meant to be such, they escape the statutory penalty. But no mere evasion of the law, where a sale is the thing intended by the parties, it being for the jury to say whether or not such was their intent, when *prima facie*, the transaction was not a sale, will avail them." Again he says, section 1046: "Every fact which is an indispensable element in the offence must be proved, but no more need be;" and "proof of a transaction which comes short of a sale, will not sustain a charge of selling."

It will be noticed the court in this case, instructs the jury that the transaction detailed by defendant in his

cross-examination, of itself constituted a sale, without reference to the question whether he was only using that means as a device to evade the law. We think this was error on the part of the court. There is, perhaps, no branch of crimes or misdemeanors where the devices for evasions of the law are more numerous than in case of selling liquor without license, but unless every fact which is an indispensable element in the offence be proved, the court should not declare as a matter of law, that the offence has been made out; but should leave it for the jury to say whether the scheme was a mere evasion.

In the case of *The Commonwealth v. Smith* (102 Mass. 144), the court says: "The arrangement described in the bill of exceptions for the formation of a club, the purchase of liquors with the joint funds, and then distribution among the members by the agency· of the defendant, may have been a mere evasion of the law. Whether it was really so, however, was wholly a question of fact, to be passed upon by the jury, under proper instructions. The court was not warranted in assuming as a matter of law that it was necessarily an evasion, or that as a matter of law, the facts stated, to use the language of the presiding judge, 'would be a sale.' It certainly might happen, and not unfrequently has happened, that a number of persons unite in importing wines, or other liquors, from a foreign country, to be divided between them according to some agreed proportion. It would not seriously be contended that the person who should receive the liquor so imported at his place of business, and make or superintend the division among the contributors to the purchase money, is a seller of intoxicating liquors, or that they buy liquors of him."

So in the recent case of *Hogg v. People* (19th Central Law Journal 476), it was held, "where a number of persons assembled at a house for the purpose of dancing, and plaintiff in error was induced to go to a neighboring town and procure a jug of whiskey, and it was understood that he was to contribute thirty cents of the price paid for the liquor, and the others the residue, some contribu-

ting before and others after the procurement, held, that an indictment will not lie against plaintiff in error for selling intoxicating liquor in less quantity than one gallon without having a legal license to keep a dram-shop."

Applying these cases to the one before us, if we believe the defendant's story to be the truth, it was not a sale of the liquor. The parties sent for it through him, the reason the money was not paid then was because they did not know what it would cost. When it did arrive it was divided out in the proportion sent for by each.

It was error to declare this a sale as a matter of law. The question should have been submitted to the jury as above suggested. The judgment is reversed and the cause is remanded. All concur.