STATE OF MISSOURI, Respondent, v. F. W. TINDALL, Appellant.

40  271
84  589

Kansas City Court of Appeals, March 31, 1890.

Selling Intoxicating Liquors: CLUB. The "make up" of a club room was in all respects similar to that of an ordinary dramshop ; and the dramseeker was required to sign the articles of association and pay an admission fee of twenty-five cents, which clothed him with the privileges of membership and entitled him to buy and drink at the place whatsoever was carried in stock by purchasing a "requisition ticket," paying therefor ten or five cents as he might desire whiskey or beer. *Held*,—

   (1) The transaction was a sale regardless of the purchaser's relation to the association, whether member or stranger.

   (2) The refusal of the trial court to admit the "articles of association," etc., in evidence was harmless to the defense.

   (3) That the defense was devoid of merit.

*Appeal from the Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Davis & Wingfield* and *Cosgrove & Johnson*, for the appellant.

(1) The court erred in refusing to allow the articles of association, by-laws and minutes of meetings of the "Arrow Rock Social Club," to be read in evidence to the jury. They were competent to show the manner in which the business of the "club" was conducted. The question in the case was whether the method of doing business was honest, and for the purposes named in the articles of association and by-laws, or a device gotten up to evade the liquor laws of the state. The excluded evidence presented a question of fact for the jury to pass upon, and not a question of law for the court. (2) It was error for the trial court to hold, as it did in this case, that the delivery of the liquor, by defendants, to other members of the "club," was, as a matter of law, a sale and an evasion of the liquor laws of the state. *Commonwealth v. Pomphret*, 50 Am. Rep. 340; 139 Mass. 564; *Seim v. State*, 39 Am. Rep. 419; 55 Md. 556; 2 Thomp. Tr., sec. 2155; *State v. Clark*, 18 Mo. App. 531.

*Alf. F. Rector*, for the respondent.

The court excluded no proper evidence offered by the defendants. The articles of association of Arrow Rock Social Club were properly excluded; they constituted no defense to the charge. *Marmont v. State*, 1 Am. Crim. Reports (Hawley) p. 447; s. c., 48 Ind. 21; *Rickart v. People*, 2 Am. Crim. Reports (Hawley) p. 385; s. c., 79 Ill. 85; *Martin v. State*, 3 Am. Crim. Reports (Hawley) p. 287; s. c., 59 Ala. 34.

GILL, J.—Defendant Tindall was indicted, tried and convicted of selling intoxicating liquors at Arrow Rock, Saline county, Missouri, without having a license as a dramshop-keeper. From the judgment against

him he has appealed to this court.   Prior to December, 1888, defendant had been proprietor of a saloon at Arrow Rock, but on December 15, 1888, he entered into the management and charge of what was termed a " Club House," where it is claimed, the liquors and other refreshments were dealt out to members of the " Club " only.   The "make up" of this club room was, in all respects, similar to that of an ordinary dramshop or saloon.   Defendant Tindall and one Townsend had, apparently, complete control, and dealt out the whiskey, beer, etc., "after about this fashion :" The dramseeker, upon entering the " Club House " and asking for his chosen stimulant, would be answered by Tindall or his subordinate, Townsend, that to be entitled he must "join the Club."   Thereupon, the applicant, by direction from Tindall ( or Townsend ) signed the articles of association, paid twenty-five cents as an admission fee, which clothed him with the privileges as member of the " Arrow Rock Social Club," and entitled such member to buy and drink at the place whatsoever was carried in stock.   But to withdraw the institution further still from the semblance of an ordinary saloon, and add to the mysteries of this " Club House," the drinker was required to buy a " requisition ticket " ( or " *chip* " as denominated by the habitues ), paying therefor ten or five cents, as he might desire whiskey or beer, and this ticket, " chip," presented at the bar secured the coveted article.   To sustain the indictment against defendant the state made proof of numerous and repeated disposals of intoxicating drinks to different parties from December 15, 1888, to March, 1889, the finding of the indictment.

I.   The question here is one of law—there is no dispute as to the material facts, as we view the case. The statute law which defendant is charged with violating declares :   "No person shall directly, or indirectly, sell intoxicating liquors in any quantity less than one

gallon, without taking out a license as a dramshop-keeper." R. S. 1879, sec. 5436. Do the facts of this case constitute *a sale* of the intoxicating drinks so disposed of to the so-called members of the "Club?" Adopting the apparent views of the lower court· we answer this question in the affirmative. A sale may be defined to be a transfer of the absolute or general property in a thing for a price in money. Benj. on Sales, sec. 1. Now, considering the facts here in the most charitable light for·the defense, these drinks, disposed of to the members of the association, were sales. The whiskey, beer, etc., changed ownership in consideration of money then and there.paid by the consumers. Call the club association a corporation, or a copartnership, or a mere voluntary society, and the character of the transaction remains the same. The party seeking the purchase of the liquor signs as a member and pays the twenty-five cents into the·funds of the society, for the privilege of buying its goods ; and, being admitted as a member, having paid the "gate money" and entered with the right to become a purchaser, he proceeds to buy of the "Club" of which he is now a member. The transaction too is a sale regardless of his relations to the association, whether member or stranger. *Martin v. State*, 59 Ala. 36.

This case is quite different from that of *State v. Clark* ( 18 Mo. App. 531 ) cited by defendant's counsel. There Clark and several others joined in purchasing a ten-gallon keg of whiskey, each contributing a certain proportionate part .of the money needed when the whiskey was ordered. Clark received the keg of whiskey, and, in distributing the same as per agreement formerly made, delivered to one party a half gallon. For this he was indicted, and this court held, in effect, that this was not a sale by Clark, but that it was a joint purchase in the first instance and that Clark only gave over to each his portion thus purchased. While in the

case *now* under consideration, defendant Tindall (acting as he says for himself and others composing a "Club") had gone into the market, stocked his establishment with whiskey, etc., to be sold (at a profit, too) to whomsoever should join the "Club" by signing his name to the articles of association, and paying the sum of twenty-five cents every quarter. It follows, then, from what we have already said that the action of the trial court in rejecting the "articles of association, by-laws, etc., of the Arrow Rock Social Club" was harmless to the defense of this action. We have examined this proffered evidence and see nothing therein that could possibly aid in this defense. The facts remain, that, whether in proper person or as agent for the "Social Club," defendant was daily engaged in selling intoxicating liquors in quantities less than one gallon, clearly in contravention of the laws of this state.

But even beyond all this the defense is so entirely devoid of merit, and this "Club" scheme such a palpable sham, that, in my judgment, the lower court was justified in refusing to admit in evidence the so-called "articles of association." In the language of the supreme court of Illinois in a case quite parallel: "All this is plainly a device on the part of the defendant to avoid the provisions of the law, and to enable him to sell intoxicating liquors at retail, as he had formerly done, without first obtaining a license to keep a dramshop. The whole thing was a subtle artifice, planned with a view to avoid the penalties denounced against persons violating the law." *Rickart v. The People*, 79 Ill. 90; *Marmont v. The State*, 48 Ind. 21.

We have read and considered all the evidence offered as well that admitted as rejected, and conclude on the undisputed facts of this case the judgment was for the right party, and ought to be affirmed, and it is so ordered. The other judges concur.