## COMMONWEALTH *vs.* JAMES SMITH.

The provision of St. 1868, c. 141, § 21, that the term intoxicating liquor in said statute shall be construed to include cider, applies to an indictment under the Gen. Sts. c. 87, § 7, for keeping a liquor nuisance.

On an indictment under the Gen. Sts. c. 87, § 7, for keeping a liquor nuisance, proof that the defendant, as agent of a club, bought intoxicating liquors with money advanced by the club; that the liquors purchased were the property of the club; that checks of the denomination of five cents each were delivered to each member to the extent of the amount of money advanced by him; that the defendant was a member of the club and delivered to each member, upon presentment of the checks, from time to time, liquor of the club to the amount of the checks presented ; and that the residue of undelivered liquors, amounting by calculation to twenty per cent., was to belong to the defendant as compensation for his services and for the use of his room; does not justify a ruling that the facts proved would, as matter of law, be a sale; but whether the facts amount to an evasion of the law is a question for the jury.

INDICTMENT charging that the defendant, on August 1, 1868, and on divers other days and times between that day and May 1, 1869, at Easthampton, " knowingly, wilfully, and without having any legal appointment or authority therefor, did keep and maintain a certain common nuisance, to wit, a tenement in said Easthampton, then and on said other days and times there used for the illegal keeping and illegal sale of intoxicating liquors."

In the superior court, before the jury were empanelled, the defendant moved to quash the indictment for the following reasons: " because no offence was set out in the indictment; because it was not alleged but that the liquors alleged to have been kept and sold by the defendant were such as the defendant had a right to keep and sell under the provisos of the St. of 1868, *c.* 141, § 1; because it was not alleged that the acts charged were to the common nuisance, &c.; because it was not alleged but that the defendant was licensed and authorized by law to keep and sell the liquors named in the indictment; because the indictment was uncertain and void; because it was not alleged that the tenement was used as alleged by the defendant, or with his knowledge; and because the law had been repealed which made it illegal to sell or keep liquors during the time named in the indictment." But *Scudder*, J., overruled the motion, and on the trial refused a request of the defendant for a ruling that it was incumbent on the Commonwealth to prove want of license and authority, and also another request of the defendant for a ruling that the law concerning the keeping and sale of intoxicating liquors in force during the time covered by the indictment had been repealed by the St. of 1868, *c.* 141.

There being evidence tending to show sales of cider by the defendant, he asked the judge to rule that, if the jury were satisfied that the cider was not intoxicating, its sale was not prohibited by law; but the judge refused so to rule.

A witness testified that the defendant delivered whiskey to him several times, during the period covered by the indictment, under the following circumstances: " Several persons formed a club of which the defendant was a member; they advanced a certain sum of money each, which was put into a common fund; the defendant was chosen agent of the club, and under instructions of the club purchased liquors and refreshments for the club; the fund was taken by the defendant and invested for them, and, a certain number of checks, of the amount of five cents each, were delivered to each member of the club, to the extent of the money advanced by each; these checks were transferable only to other members of the club; upon presentation of

the checks by any member to the defendant, he would deliver to that member liquor of the club, to the amount of the check presented; on several occasions the defendant had delivered liquor to the witness, as such member, upon checks; upon distributing the liquor in the manner aforesaid, it was calculated that the liquor would so far overrun the amount to be delivered upon the checks, as to leave in undelivered liquor about twenty per cent. of the original cost; and the defendant was to have this residue, to compensate him for his services as agent, and for the use of his room by the club."

" The presiding judge, in view of all the evidence, ruled that, if the liquor in the defendant's possession was bought by him as agent of the club, and the liquor so purchased was that of the club, the members advancing the money to purchase the same, and if checks were distributed to each of the members according to the amount advanced by each, and the defendant was a member of the club, and delivered to each member upon presentation of such checks, from time to time, the amount of liquor represented by such checks, that would be a sale by the defendant."

The jury found the defendant guilty, and he alleged exceptions.

*G. M. Stearns*, for the defendant, contended that the provision in the St. of 1868, c. 141, § 21, that "the terms intoxicating liquor or liquors in this act shall be construed to include ale, porter, strong beer, lager beer, cider and all wines, as well as distilled spirits," made cider intoxicating only for the purposes of that act and did not extend to the Gen. Sts. c. 87; that the evidence did not show any sale by the defendant to the club; and that whether the formation of the club was a device to evade the law was a question for the jury. All other exceptions were waived.

*C. Allen*, Attorney General, for the Commonwealth.

AMES, J. Nearly all the objections relied upon by the defendant in his motion to quash the indictment, and in the exceptions taken at the trial, have been disposed of by repeated decisions of this court. *Commonwealth* v. *Welsh*, 1 Allen, 1. *Common*

*wealth* v. *Hill,* 14 Gray, 24. *Commonwealth* v. *Edds,* Ib. 406. *Commonwealth* v. *Wright,* 12 Allen, 190. *Commonwealth* v. *Howe,* 13 Gray, 26. *Commonwealth* v. *Dean,* 14 Gray, 99. *Commonwealth* v. *Shea,* Ib. 386. It has recently been decided that the chapter of the General Statutes, under which this prosecution is brought, has not been repealed. *Commonwealth* v. *Carpenter,* 100 Mass. 204.

One of the rulings of the learned judge of the superior court, at the trial, appears, however, to have been erroneous. The arrangement described in the bill of exceptions for the formation of a club, the purchase of liquors with their joint funds, and their distribution among the members by the agency of the defendant, may have been a mere evasion of the law. Whether it was really so, however, was wholly a question of fact, to be passed upon by the jury, under proper instructions. The court was not warranted in assuming, as a matter of law, that it was necessarily an evasion, or that, as a matter of law, the facts stated, to use the language of the presiding judge, " would be a sale." It certainly might happen, and not unfrequently has happened, that a number of persons unite in importing wines, or other liquors, from a foreign country, to be divided between them according to some agreed proportion. It could not seriously be contended that the person who should receive the liquor so imported, at his place of business, and make or superintend the division among the contributors to the purchase money, is a seller of intoxicating liquors, or that they buy the liquors of him. It is difficult to see how it could make any difference that the liquors are of various kinds, and were purchased in this country instead of being imported from abroad, or that the person who is to make the distribution delivers them in small quantities, and keeps his account by means of tickets or checks. If the liquors really belonged to the members of the club, and had been previously purchased by them, or on their account, of some person other than the defendant, and if he merely kept the liquors for them, and to be divided among them according to a previously arranged system, these facts would not justify the jury in finding that he kept and maintained a nuisance, within the meaning

of the statute under which he is indicted. There would be neither selling, nor keeping for sale. On the other hand, if the whole arrangement were a mere evasion, and the substance of the transaction were a lending ~f money to the defendant, that he might buy intoxicating liquors to be afterwards sold and charged to the associates, or if he was authorized to sell or did sell, or keep any of the liquors with intent to sell, to any persons not members of the club, he might well be convicted. This, however, would be a question not of law but of fact, and would fall wholly within the province of the jury.

*Exceptions sustained.*