## Case No. 16,748.

### UNITED STATES v. WITTIG.

[2 Lowell, 466; 22 Int. Rev. Rec. 98; 3 Cent. Law J. 270; 13 Alb. Law J. 240; 23 Pittsb. Leg. J. 151.] [1]

District Court, D. Massachusetts. March, 1876.

#### INTERNAL REVENUE—RETAIL LIQUOR DEALERS—SALES BY CLUB—SPECIAL TAX.

A club or association of persons, not incorporated, combining together to promote social or literary objects, which delivers beer to its members, receiving checks in exchange for glasses of beer, having sold the checks originally to members of the club, is a dealer, under the statute, and liable to be taxed, under section 18 of chapter 36 of the statutes of 1875 [18 Stat. 311].

[Cited in State v. Boston Club (La.) 12 South. 896; Barden v. Montana Club, 10 Mont. 330, 25 Pac. 1044.]

[The defendant [Julius Wittig] as one of the officers of a club existing in Clinton, Mass., as part of the National German Turnverein, was indicted for carrying on the business of a retail dealer in malt liquors without payment of the special tax required of such dealers by the internal revenue laws of the United States. It appeared in evidence that the club was sustained by initiation fees and equal monthly assessments; that beer was regularly kept by the club, being bought out of the general fund, and was served out by glass to members of the club on presentation of a ticket—a card of twenty tickets being sold by the club through its treasurer to any member thereof for $1; and only in that way were such malt liquors disposed of by the club. It further appeared in evidence that some members bought more tickets and consumed more beer than others; and that the proceeds were paid into the general funds of the club. The defendant refused to pay said revenue tax, claiming that neither the club nor any member thereof was liable therefor; but under the instructions of the court the jury found the defendant guilty, sentence being delayed by leave of the court to give the defendant opportunity to move for a new trial. Other facts, so far as material, are stated in the opinion.

[It was contended in behalf of the defendant that the club being a partnership could not, as matter of law, sell to its members; and that what was done amounted in fact to a mere division among the members of their common property.

[The government contended, on the other hand, that as matter of law, a partnership may sell to its members; that the method of disposing of malt liquors adopted by the club amounted to more than a mere division among themselves of their common property, inasmuch as they bought of the wholesale dealers, and owned equally, but divided unequally; that the parties receiving more than their share paid the club therefor; that the whole transaction was in form and substance a sale, and, therefore, that the club was liable to pay the tax in question, and any member thereof criminally responsible for failing so to do.] [2]

P. Cummings, for the United States.

M. F. Dickinson, Jr., and J. Fox, for defendants.

LOWELL, District Judge. The question raised by the motion for a new trial is, whether a club or association of persons, not incorporated, combining together to promote social and literary objects, are to be considered a retail dealer or dealers in malt liquor under the circumstances proved at the trial, so as to be liable to an annual tax of twenty dollars, under chapter 36, § 18, of the act of 1875 (18 Stat. 311). The club bought lager beer at wholesale, and the members of the club, and no others, were permitted to take beer at the rooms of the club, upon giving as many checks as they received glasses of beer. The checks cost the members five cents each, and the price was intended to cover the cost of the beer, though there was sometimes a small profit.

There seems to me to be no doubt that the club sells the beer to its members. Every element of a sale is present: the delivery of beer on the one part, and the payment on the other. It was argued that, at common law, a man cannot buy of himself and others. This is a mistake. The common law recognizes such a sale, though, if the contract is executory, the common law has no mode of enforcing it.

The true question is, whether such sales make the association a dealer under the statute. The question is one of much importance, from the number of such clubs throughout the country, many of whom, it is said, have conceded the point rather than undertake a contest with the United States. But I am not aware that it has been passed upon by any court.

If I am right in saying that the beer is sold by the club to its members, the club is within section 18, above referred to, and the question is, whether the generality of these words is to be restricted by a consideration of the subject-matter, or by the words of section 16, which speaks of the same persons as dealers and as those "who shall carry on the business." &c. If the question were merely whether the club carries on the business of beer-selling, there would seem to be great doubt; but section 18 appears to be intended to define such dealers with as much exactness as may be, and, if so, the ordinary definition of dealers, or persons carrying on a business, is of no importance. Take the case of distillers and brewers. They were originally defined as persons who distilled or brewed for sale (12 Stat. 456); but these two words have been left out of

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 13 Alb. Law J. 240, and 23 Pittsb. Leg. J. 151, contain only partial reports.]

[2] [From 3 Cent. Law J. 270.]

all the later statutes, and it is conceded on all hands that a person who distils spirits or brews beer, though not for sale, carries on the business of a brewer or distiller; though, in ordinary speech, one who distils for his own use merely, would not be said to carry on the business of a distiller.

This is a revenue law, and the decisions of the supreme court require us to construe it liberally in favor of the revenue, to prevent evasions. So construed, I think it must be held that any course of selling, though to a restricted class of persons and without a view to profit, is within its meaning.

The only case cited at the argument (Com. v. Smith, 102 Mass. 144) was a decision under a highly penal statute, which creates an artificial nuisance when premises are used for the illegal sale of intoxicating liquors. The supreme judicial court in that case held that the judge at the trial had erred in ruling, as matter of law, that certain facts proved the defendant to be a seller, and that it should have been left to the jury to say whether he was so. The defendant was member and agent of a club; but the evidence was consistent with the possibility that the agent merely divided the liquors among the members in the precise proportions in which they had paid for those very liquors on their purchase from the importer. No such point is raised by the evidence in this case. The sales here were for checks which cost a certain sum of money, and it was not the intention of the club to divide its beer among those persons who bought it from the dealers. Besides, while I agree that every statute must be construed according to its intent, there is a certain amount of truth left in the old maxim, that penal statutes should be construed strictly; and it may be that a court ought to give the same word a more limited meaning in a statute intended to punish public immorality, than in one intended for raising revenue.

Upon the whole, therefore, I am of opinion that the verdict of guilty was well warranted by the facts, and that the motion for a new trial must be denied. Motion denied.