COMMONWEALTH *vs.* WILLIAM E. BAKER.

Worcester.    September 29, 1890. — October 24, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Club.*

If, in a city which has voted not to grant licenses to sell intoxicating liquors, a club, whether incorporated or not, by its agent uses a place for the purchase and storage of intoxicating liquors for its members, and for dispensing to each member upon his order portions of the liquor belonging to and kept for him, the place is a common nuisance, and such agent may be convicted of maintaining the same, under the St. of 1887, c. 206, which provides that all "places used by clubs for the purpose of selling, distributing, or dispensing intoxicating liquors to their members or others shall be deemed common nuisances."

INDICTMENT alleging that the defendant assisted in keeping and maintaining a certain tenement and place situated in Worcester, and there used by the Commercial Social Union, a club, for the purpose of illegal selling, distributing, and dispensing intoxicating liquors. At the trial in the Superior Court, before *Dunbar*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The facts, so far as material to the point decided, appear in the opinion.

*J. Hopkins*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

W. ALLEN, J. There was evidence not disputed that the club used its rooms for the purpose of dispensing intoxicating liquor to its members; and that the defendant assisted in keeping and maintaining the rooms for that use. To dispense is defined by Webster, " To deal out in portions; to distribute; to give; as, the steward dispenses provisions according to directions."

The St. of 1887, c. 206, § 1, amends the Pub. Sts. c. 100, § 45, so as to provide that " All buildings or places used by clubs for the purpose of selling, distributing, or dispensing intoxicating liquors to their members or others shall be deemed common nuisances." The contention for the defendant is, that the club was incorporated; that there was no evidence that it owned any intoxicating liquor, nor that any such liquor was dispensed by it except to members to whom it belonged; and that the use of its rooms for that purpose is not prohibited. The evidence for the defendant tended to prove that the rooms of the club were furnished with conveniences for storing and keeping intoxicating liquors belonging to its members, and that no such liquors were kept there except what belonged to members individually; that the rooms were used by the club to receive orders for the purchase of intoxicating liquors for members, and to keep such liquors when purchased for the members, and to serve it out to them as ordered; that the furniture and everything used in dispensing the liquor to members belonged to the club; and that all ingredients, except intoxicating liquors, which entered into any particular beverage or concoction ordered by a member, were furnished by the club. If the evidence proved nothing more, we think that it was sufficient to sustain the finding that

the place was a common nuisance. A place would be equally a nuisance under the statute if used by a club either to sell intoxicating liquor to its members, or to distribute among its members intoxicating liquor owned by them in common, or to procure for and dispense to its members intoxicating liquor which was bought for and belonged to them individually. If the club, by its agent, purchased and stored intoxicating liquors for its members, and dealt out in portions to each member upon his order the liquor belonging to and kept for him, and kept the place for that purpose, the place was a common nuisance under the statute.

*Commonwealth* v. *Smith*, 102 Mass. 144, was an indictment under the Gen. Sts. c. 87, § 7, for keeping a tenement used for the illegal keeping and illegal sale of intoxicating liquors. The defendant was the steward of an unincorporated club, and bought intoxicating liquors for the club, which he distributed among the members. The court say: "If the liquors really belonged to the members of the club, and had been previously purchased by them, or on their account, of some person other than the defendant, and if he merely kept the liquors for them, and to be divided among them according to a previously arranged system, these facts would not justify the jury in finding that he kept and maintained a nuisance, within the meaning of the statute under which he is indicted. There would be neither selling nor keeping for sale." Subsequently, the St. of 1881, c. 226, provided that places used by clubs for selling, distributing, or dispensing intoxicating liquors in towns and cities which had voted no license, should be deemed common nuisances. This was re-enacted in the Pub. Sts. c. 100, § 45. *Commonwealth* v. *Pomphret*, 137 Mass. 564, was a complaint under the Pub. Sts. c. 100, § 1, for keeping intoxicating liquors with intent unlawfully to sell the same. The defendant was the steward of an unincorporated club, and purchased for the club intoxicating liquor, which he kept for the purpose of distributing among the members. It was held that keeping liquors, which were owned in common by the members, for the purpose of distributing them among the owners, was not a keeping with intent to sell. This was in a city which had voted to license the sale of intoxicating liquor, and the St. of 1881, c. 226, (Pub. Sts. c. 100, § 45,)

prohibiting clubs in no-license towns from selling, distributing, or dispensing intoxicating liquor, did not apply; and the court said that the Legislature intended in the statute to distinguish between towns and cities which had voted to license and those which had voted not to license the sale of intoxicating liquor.

It seems clear that, under the Pub. Sts. c. 100, the sale of intoxicating liquor by a club, or an agent of a club, in a license town without a license, or in a no-license town, would be illegal, and a place used for such sales would be a nuisance; and that a place used by a club for distributing or dispensing liquors among its members would not be a nuisance in a license town, and would be one in a no-license town. Before and after the St. of 1881, c. 226, a club-room used for selling intoxicating liquor without a license was a nuisance. Before that statute, a club-room used to distribute or to dispense without selling such liquor was not a nuisance. The statute made such a place a nuisance in a no-license town, but left it lawful in a license town. The distinction indicated by the cases cited and intended by the statute is between a place used by a club to dispense to its members or others liquor which does not belong to them, but which becomes theirs by such act, which is selling, and a place used by a club, incorporated or unincorporated, to distribute or dispense to its members liquor which belongs to them in common, or is procured for and belongs to them individually, which does not involve a sale to them. Before the St. of 1887, c. 206, there was no statute provision in regard to licensing clubs, nor any special provision in regard to clubs in towns which had voted to grant licenses. That statute, after making all places used by clubs for selling, distributing, or dispensing intoxicating liquors common nuisances, provides for a special club license in license towns, authorizing the distribution and dispensing of intoxicating liquor by the club to its members. The license is not to sell liquor, but to do other prohibited acts, that is, to distribute and dispense liquor. The club in the case at bar used its rooms for a purpose for which a license was required. It not only had no license, but it was in a city where such license was prohibited.

As the evidence, not disputed by the defendant, showed that the club used its rooms for the purpose of dispensing intoxicat-

ing liquor to its members, it is unnecessary to consider whether, upon the whole evidence, the jury could properly have found that the club used the place for the sale of intoxicating liquor.

*Exceptions overruled.*