McClaugherty *et al. v.* Cline *et al.*

(*Nashville.* December Term, 1913.)

1. **INNKEEPERS. What constitutes. "Boarding house keeper." "Hotel keeper."**

The words "innkeeper" and "hotel keeper" are synonymous, but each is distinct from a "boarding house keeper," in that the innkeeper has no right to select his guests, but must receive everyone applying for accommodation who conducts himself in a proper manner, etc., while the keeper of a boarding house is one who maintains a house for the accommodation of those who enter under contract for entertainment at a certain rate for a certain period at an agreed compensation; nor does a boarding house cease to be such because transients are occasionally entertained; nor does a hotel lose its character merely because, incidentally, it entertains boarders under contract for compensation for a specified time. (*Post, pp.* 606, 607.)

Case cited and distinguished: Rex v. Ivens, 7 Car. & P., 213.

Cases cited and approved: Stewart v. McCready, 24 How. Prac. (N. Y.), 62; Willfard v. Reinhardt, 2 E. D. Smith (N. Y.), 148; Civil Rights Cases, 109 U. S., 3; Meacham v. Galloway, 102 Tenn., 415; Dickerson v. Rogers, 23 Tenn., 179; Hill v. Hotel Co., 124 Tenn., 376; Kisten v. Hildebrand, 9 B. Mon. (Ky.), 72; Coe v. Ricker, 214 Mass., 212.

2. **INNKEEPERS. Privilege tax. "Boarding house."**

Complainants maintained a public house, kept open at certain assembly grounds, for boarders who attended an assembly, which lasted for eight weeks during the summer. Complainants were paid at a specified sum per week, and, if any boarder left without remaining a full week, he was charged $1.50 per day. Complainants kept no porter, office, or register, and did not solicit business further than by advertisement. *Held*, that complainants kept a "boarding house," and not a hotel, and were, therefore, not required to pay a privileged tax imposed on hotel keepers by Acts 1909, ch. 479. (*Post, p.* 608.)

FROM GRUNDY.

Appeal from Circuit Court, Grundy County.— EWING L. DAVIS, Judge.

JEFF D. FULTS and FULTS & SCHWOON, for appellants.

THOS. KING, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is a suit brought by Mrs. McClaugherty, joined by her husband, to recover from defendant Cline a sum paid by her under protest, demanded by defendant, as county court clerk, of her as a privilege tax, the privilege being that of running a hotel at Monteagle Assembly Grounds. From an adverse judgment she appealed, and has assigned errors.

The insistence in behalf of appellant is that since the Revenue Act (Acts 1909, ch. 479) does not impose any privilege tax on boarding houses, but only on hotels and inns, the house conducted by her cannot be treated as a hotel, but is a boarding house.

We have, therefore, to determine whether appellant's house is to be classed as a hotel or a boarding house, as those places are defined and differentiated at common law. "Innkeeper" and "hotel keeper" are

synonymous, but each is distinct from a keeper of a boarding house.

"The innkeeper," said Coleridge, J., in *Rex* v. *Ivens,* 7 Car. & P., 213, "is not to select his guests. He has no right to say to one, 'You shall come into my inn,' and to another, 'You shall not,' as everyone coming and conducting himself in a proper manner has a right to be received; innkeepers being a kind of public servants, having the privilege of entertaining travelers, and of supplying them with what they want."

The term "hotel" is properly applied to places kept for the entertainment of travelers and casual or transient guests, while a boarding house is one for the accommodation of those who enter under contract for entertainment at a certain rate for a certain period of time, as for a week or month, at a rate of compensation agreed on. *Stewart* v. *McCready,* 24 How. Prac. (N. Y.), 62; *Willard* v. *Reinhardt,* 2 E. D. Smith (N. Y.), 148; *Civil Rights Cases,* 109 U. S., 3, 3 Sup. Ct., 18, 27 L. Ed., 835; *Meacham* v. *Galloway,* 102 Tenn., 415, 52 S. W., 859, 46 L. R. A., 319, 73 Am. St. Rep., 886; *Dickerson* v. *Rogers,* 4 Humph., 179, 40 Am. Dec., 642; *Hill* v. *Memphis Hotel Co.,* 124 Tenn., 376, 136 S. W., 997; 22 Cyc., 1072.

A boarding house does not cease to be such because transients are occasionally entertained. *Kisten* v. *Hildebrand,* 9 B. Mon. (Ky.), 72, 48 Am. Dec., 416. Nor does a hotel lose its character as such merely because in it, incidentally, are entertained boarders under contract for compensation by the week or month.

*Meacham* v. *Galloway,* supra; *Coe* v. *Ricker,* 214 Mass., 212, 101 N. E., 76, 45 L. R. A. (N. S.), 30.

Appellant's house, "Balcony Place," was kept open for the entertainment of boarders who attended the assembly, which lasted for the eight weeks of the summer. Compensation was stipulated to be by the week, and if any boarder left without remaining a full week, the sum charged was $1.50 per day. Appellant kept no porter, no office, no register, and did not solicit business further than by advertisement in the Assembly Annual. She was not the keeper of a hotel within the meaning of the revenue act.

What is said above is meant to have relation to the character of the place, and is not intended to touch upon the character of the duties and liabilities of the proprietor, under any statutory modification of the common law rules relating thereto.

Other assignments of error are disposed of orally. Reversed, and judgment here for sum demanded and paid under protest for the year 1912.