COMMONWEALTH *vs.* ALBIN WOELZ.

Worcester.    September 29, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Intoxicating Liquors.    Corporation,* Social club.

Intoxicating liquor, which was owned by an incorporated social club having no license to sell such liquor and was furnished by the steward of the club to one of its members in the club house on the payment of money, may be found to have been sold in violation of R. L. c. 100, § 1, and the steward may be found guilty of an illegal sale on a complaint under that section, it being no defense for him that he was acting as an employee.

DE COURCY, J. The complaint alleged that the defendant "did expose and keep for sale intoxicating liquors with intent to unlawfully sell the same." He was the steward of the Worcester Social Turner Society, which was a club incorporated under the laws of Massachusetts, and without any license for the distribution or dispensing of intoxicating liquor. On the occasion in question, in return for money delivered to him in the club house in the town of Shrewsbury by one of its members, he delivered to him eight bottles of beer, for the use of a party of eight. The case from which this beer was taken, and also some of the other liquors found in the refrigerator, were tagged in the name of the club. Other liquors in the ice chest and in lockers bore tags with names of individual members. The question intended to be raised by the requests for rulings and argued on the briefs is, whether the facts disclose evidence of a keeping for sale of intoxicating liquors contrary to law.

The complaint is based on R. L. c. 100, § 1, which provides that

"No person shall sell, or expose or keep for sale, spirituous or intoxicating liquors, except as authorized in this chapter." By the terms of § 64 of the same chapter, the delivery of the beer in the club house was *prima facie* evidence of a sale. This with the other facts, including the payment of money, warranted, if it did not compel, the inference that a sale took place, and that the beer was kept for the purpose of sale. *Commonwealth* v. *Cleary,* 105 Mass. 384. *Commonwealth* v. *Hoar,* 121 Mass. 375. Clearly the fact that the defendant was acting as an employee would not constitute a defense. *Commonwealth* v. *Ryan,* 160 Mass. 172.

The defendant does not bring himself within cases like *Commonwealth* v. *Smith,* 102 Mass. 144, and *Commonwealth* v. *Pomphret,* 137 Mass. 564, which recognized the right of two or more persons to unite in buying intoxicating liquor and then to distribute it among themselves. In those cases the members of a voluntary association owned the liquor in common; and the distribution of it in severalty among the owners was not construed as a sale within the meaning of the statute. In the present case the beer was owned not by the members but by the corporation, which is a distinct legal entity. The record is meagre as to the amount and the details of the liquor business carried on by the society, and as to the rights of a member in the use of its property; but clearly a member had no individual right or interest in the liquors owned by the corporation, and was obliged to pay the fixed price for any of it that he might order. In short the transaction in question discloses the transfer of property from one person to another for a consideration of value, or a "sale" in the ordinary meaning of the word. We do not assume that the Legislature used the word in any narrow or artificial sense. *Commonwealth* v. *Ramsdell,* 130 Mass. 68. *Howard* v. *Harris,* 8 Allen, 297. The decisions to the contrary in some other States are generally based upon statutes that differ from ours.

The case of *Commonwealth* v. *Smith,* 102 Mass. 144, was decided in 1869. By St. 1881, c. 226 (Pub. Sts. c. 100, § 45), the Legislature enacted that places used by clubs for selling, distributing or dispensing intoxicating liquors in no-license towns and cities should be deemed common nuisances. Subsequent to the Pomphret case, the St. of 1887, c. 206, embraced clubs in towns that had voted to grant licenses, and also provided for a special club license

in license towns. *Commonwealth* v. *Baker*, 152 Mass. 337. As the statute is re-enacted in R. L. c. 100, § 88, it provides that "All buildings or places used by clubs for the purpose of selling, distributing or dispensing intoxicating liquors to their members or others shall be deemed common nuisances." The defendant well might have been complained of under this section. *Commonwealth* v. *Fleckner*, 167 Mass. 13. But we are not prepared to adopt the argument that a complaint for maintaining a common nuisance under this statute, enacted expressly for clubs, must be used to the exclusion of a complaint for the distinct offense of illegal keeping. *Commonwealth* v. *McCauley*, 105 Mass. 69. Nor do we intend to intimate that a license issued under § 88, authorizing the distributing and dispensing of intoxicating liquors by a club that is incorporated, would not authorize such a transaction as is here complained of.

The first three rulings requested were given in substance by the presiding judge * as applicable to unincorporated clubs where intoxicating liquors are owned in common by the members, practically as partners. He rightly refused so to rule in the case of an incorporated club, where the liquors are owned by the corporation as distinguished from its members.

*Exceptions overruled.*

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder & C. F. Boyle,* for the defendant.

*J. A. Stiles,* District Attorney, & *E. T. Esty,* Assistant District Attorney, for the Commonwealth.

---

* *Ratigan,* J. Four rulings were requested. The first three assumed that the liquors were owned in common by the members of the club. The fourth was that on all the evidence the verdict should be "Not guilty." The jury returned a verdict of guilty; and the defendant alleged exceptions.