COMMONWEALTH *vs.* MAX NOVICK.

Hampden.    January 21, 1924. — February 29, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Larceny,* Of property of voluntary association by an officer or member. *Voluntary Association.*

An association, entitled " Woronoco Mutual Benefit Association," organized mainly for the purpose of enabling its members to obtain loans for money raised in selling its capital shares under an agreement which referred to subscribers both as partners and stockholders, is a " voluntary association or society," as described under G. L. c. 266, §§ 58, 59, and one, who, being a member and officer of such association, fraudulently converts money belonging to it, may be found guilty under that statute.

INDICTMENT, found and returned on May 5, 1922, charging the defendant with larceny of $2,900, the property of the " Woronoco Mutual Benefit Association," a voluntary association.

In the Superior Court, there was a trial before *Thayer,* J. Material evidence is described in the opinion. Requests by the defendant for rulings were as follows:

" 1. That as a matter of law, the agreement of association introduced constituted a copartnership.

" 2. That if the association was in law a partnership, it is not embezzlement for one partner to take the funds of the partnership for his own use."

The requests were refused. The judge in his charge, among other things, stated that, " if the defendant, without the consent, authority or direction of any of the officers or the directors described in the annexed document feloniously appropriated to his use the funds alleged to have been stolen, then the defendant is guilty of larceny. On the other hand, if the defendant appropriated such money to his own use with the consent, authority and direction of any of the officers or the directors aforesaid, then he cannot be convicted of the crime of larceny."

The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*H. M. Ehrlich, I. H. Hurowitz* & *J. Swirsky,* for the defendant.

*C. H. Wright,* District Attorney, & *C. R. Clason,* Assistant District Attorney, for the Commonwealth.

DeCourcy, J.   The defendant was convicted under an indictment charging him with stealing $2,900 from " the Woronoco Mutual Benefit Association, a voluntary association." This society was organized mainly for the purpose of enabling its members to obtain loans from money raised by selling its capital shares. Many of the provisions of the agreement of association were not in fact carried out, such as the issuing of certificates of shares; but loans aggregating several thousand dollars were made, each secured by the promissory note of the borrower indorsed by another member. The agreement refers to the subscribers both as partners and as stockholders. The defendant was a member and treasurer from 1918 until November 29, 1921. There was evidence tending to show that he " appropriated and converted to his own use, without right and without any authority or consent of the directors, or any other officers beside himself, funds belonging to the organization . . . and used them in his own business." The only defence raised by his exceptions is that the agreement created a copartnership, and that as matter of law he could not be held guilty of larceny for converting the partnership assets to his own use.

At common law it was ordinarily held that a general partner could not be convicted of larceny or embezzlement for appropriating to his own use money which came into his possession by virtue of his being such partner and joint owner, because it was not " the property of another." 31 L. R. A. (N. S.) 822 note, and cases cited. *Gary* v. *Northwestern Mutual Aid Association,* 87 Iowa, 25. *State* v. *Butman,* 61 N. H. 511. See *Commonwealth* v. *Bennett,* 118 Mass. 443. As to the unauthorized conversion of the funds of benevolent and fraternal organizations by their fiscal or managing agents, see 14 Ann. Cas. 725 note. *State* v.

*Kusnick,* 45 Ohio St. 535. *People* v. *Mahlman,* 82 Cal. 585. It was doubtless to exclude such a defence that our Legislature enacted St. 1884, c. 174, and St. 1886, c. 328, (now G. L. c. 266, §§ 58, 59). By the express terms of said §§ 58, 59, an officer of a voluntary association or society who fraudulently converts its money, goods or property, which have come to his possession by virtue of his office, is made guilty of larceny, " although he is a member of such organization or voluntary association and, as such, entitled to an interest in the property thereof." It is immaterial whether or not the members of the Woronoco Mutual Benefit Association are civilly liable as copartners. It is a " voluntary association or society " within the meaning of the statute; and the defendant can be held liable criminally for stealing its funds. See G. L. c. 182, § 1.

*Exceptions overruled.*