COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* CHILTON CLUB.

Suffolk. April 2, 1945. — May 15, 1945.

Present: FIELD, C.J., DOLAN, RONAN, & SPALDING, JJ.

*Taxation*, Meal tax; Appellate Tax Board: jurisdiction, appeal. *Club. Jurisdiction*, Objection to jurisdiction. *Words*, "Club."

On appeal from a decision by the Appellate Tax Board, this court should decide whether the board had jurisdiction of the proceeding even though the point was not argued by the appellant.

The Appellate Tax Board had jurisdiction of an appeal taken under G. L. (Ter. Ed.) c. 64B, § 7, inserted by St. 1941, c. 729, § 17, by a petition filed within thirty days after a notice of delinquency as to the filing of meal tax returns; and upon such appeal the board might determine whether as a matter of law the appellant was subject to the statute and, without amendment, might abate a tax assessed by the commissioner when the appellant failed to file returns pursuant to the notice.

An appeal on questions of law lies to this court under G. L. (Ter. Ed.) c. 58A, § 13, as amended, from a decision by the Appellate Tax Board upon an appeal to it taken under § 7 of c. 64B, inserted by St. 1941, c. 729, § 17.

A woman's club of restricted membership, providing meals and other facilities ordinarily found at a woman's social club for the exclusive use of its members and their guests, was a private club and was not within the provisions of § 2 of G. L. (Ter. Ed.) c. 64B, inserted by St. 1941, c. 729, § 17, imposing an excise upon the furnishing of certain meals "at any restaurant, eating house, hotel, drug store, club, resort or other place at which meals or food are regularly served to the public."

APPEAL from a decision by the Appellate Tax Board.

*W. G. Perrin*, Assistant Attorney General, (*R. J. Cotter, Jr.*, Assistant Attorney General, with him,) for the Commissioner of Corporations and Taxation.

*R. Wait*, for the taxpayer.

RONAN, J. This is an appeal from a decision of the Appellate Tax Board granting an abatement of a meal tax assessed by the commissioner of corporations and taxation purporting to act under G. L. (Ter. Ed.) c. 64B, inserted by St. 1941, c. 729, § 17.

The taxpayer, a corporation organized in 1910 under the laws of the Commonwealth for the purposes of "establishing and maintaining a library and reading room and for other social purposes," owns' certain premises in Boston upon which it maintains reading rooms, bedrooms, dining rooms, and other facilities ordinarily found at a women's social club, for the exclusive use of its members and their guests. Membership is restricted to women and is limited in numbers as to both resident and nonresident members. There is also a junior membership comprised of minor daughters of members. The club conducts a restaurant and cafeteria which are open daily and which for years have been operated at a loss. Each member may extend the privileges of the club one day a year if the visitor resides in Boston, or one week in a year if the visitor resides more than forty miles from Boston. Guests accompanied by members, visitors of members and members are the only persons served with food at the club.

The taxpayer under protest applied for and secured from the commissioner a certificate of registration in December, 1941, which was issued in accordance with G. L. (Ter. Ed.) c. 64B, § 3, and thereafter filed monthly returns with the commissioner. The latter on October 20, 1943, sent the taxpayer a notice of delinquency, and informed the taxpayer that it had failed to file a correct and sufficient return for the months of June, July, August and September, 1943, and that, unless proper returns were filed within twenty days, he would determine the amount of the tax. No new returns having been filed, the commissioner on November 18, 1943, determined the amount of the tax for these four months. The present petition, which was filed with the Appellate Tax Board on November 19, 1943, was based upon the notice of delinquency and sought a decision that the taxpayer was not required to file any returns and that

it was not subject.to the tax. This petition was later amended by including the determination of the tax by the commissioner and sought the abatement of the tax.

One of the grounds of this appeal from the decision of the Appellate Tax Board is that the board had no jurisdiction to entertain the proceeding. While that point has not been argued by the appellant, nevertheless it is our duty to deal with the question of jurisdiction of our own motion. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *Boston* v. *Dolan*, 298 Mass. 346, 355–356. We mention the matter as it deals with jurisdiction, and it is our duty on our own account to determine the point even though it has not been raised by the parties or, if raised, has been abandoned by one of the parties. *Blair* v. *Boston Elevated Railway*, 310 Mass. 1. *Couto* v. *Trustees of New York, New Haven & Hartford Railroad*, 312 Mass. 23. The petition was seasonably filed. There was no necessity for an amendment, since the original petition entitled the taxpayer to an adjudication on its liability to a tax and the amount, if any, for which it was liable. *Commissioner of Corporations & Taxation* v. *City Club Corp., post*, 293.

The fact, that c. 64B, § 7, in one instance at least, expressly provides that the decision of the board shall be final, does not deprive one of securing a review of questions of law passed upon by the board. Similar phraseology in various statutes has been construed to mean that findings of fact are final and that, where no particular or specific provision is made for a review or an appeal from such decisions, a party whose substantial rights have been adversely affected by errors of law apparent on the record, committed by a tribunal or board acting in a quasi-judicial capacity and not in the course of the common law, may have the proceedings quashed upon a petition for certiorari. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542. *Opinion of the Justices*, 251 Mass. 569, 615. *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448. *Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534. See *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493; *McLaughlin* v. *Mayor of Cambridge*, 253 Mass.

193. The Legislature, however, has provided a remedy. The right to appeal to this court from decisions of the board is created and governed by statute. *Hayward* v. *Assessors of Boston*, 304 Mass. 355. *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543. This statute, G. L. (Ter. Ed.) c. 58A, § 13, provides that an appeal may be taken to this court from "any decision of the board upon an appeal from a decision or determination of the commissioner, or of a board of assessors," with certain exceptions not now material, although the decision of the board as to questions of fact is final. The instant appeal comes within the terms of this statute and the case is properly here.

The taxing act, c. 64B, § 2, levies a tax upon the furnishing of meals for which the purchasers are charged $1 or more and which are "furnished at any restaurant, eating house, hotel, drug store, club, resort or other place at which meals or food are regularly served to the public." The principal contention of the commissioner is that the furnishing of meals by a club for which the purchaser is charged $1 or more makes the club subject to the tax. The conclusion thus urged is reached by isolating a few words from said § 2 and then attempting to give them a meaning as if they stood alone. Such an interpretation does violence to the statute. It proceeds upon the false assumption that there is nothing in the entire taxing act, other than the part mentioned, that sheds any light upon the legislative intent. *United States* v. *American Trucking Associations, Inc.* 310 U. S. 534, 542, 543. None of the words of a statute is to be disregarded, for they are the main source for the ascertainment of the legislative purpose. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349. *Tilton* v. *Haverhill*, 311 Mass. 572. *Nichols* v. *Commissioner of Corporations & Taxation*, 314 Mass. 285. Ordinarily, common words and phrases employed in a statute are to be construed according to their usual meaning, and each must be given its appropriate effect without emphasizing one at the expense of the others, so that together they constitute an effectual piece of legislation in harmony with common·

sense and sound judgment. *Fluet* v. *McCabe*, 299 Mass. 173. *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496. *Killam* v. *March*, 316 Mass. 646. General terms in a statute may be restricted in meaning by relevant circumstances showing that they were used in a particular sense by the Legislature. *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147. *Pacific Wool Growers* v. *Commissioner of Corporations & Taxation*, 305 Mass. 197. *Kenney* v. *Building Commissioner of Melrose*, 315 Mass. 291.

Our inquiry is directed to the meaning that the Legislature intended should be attributed to the term "club" in the taxing statute. It is a word of varying shades of meaning depending to a large extent upon the nature of the instrument in which it appears, the meaning of the other words with which it is employed, and the purpose sought to be accomplished by the writing in which it is used. It was said in *Commonwealth* v. *Pomphret*, 137 Mass. 564, 567, that the "word 'club' has no very definite meaning. . . . It is well known that clubs exist which limit the number of the members and select them with great care, which own considerable property in common, and in which the furnishing of food and drink to the members for money is but one of many conveniences which the members enjoy. . . . One inquiry always is whether the organization is bona fide a club with limited membership, into which admission cannot be obtained by any person at his pleasure . . . or a mere name has been assumed without any real organization behind it." The word has at times been defined by statutes and much more frequently been referred to in statutes and explained by decisions of the court in dealing with different kinds of clubs, organized in various ways for the accomplishment of divers purposes. As to various statutes in their present form see G. L. (Ter. Ed.) c. 48, §§ 84, 85; c. 59, § 5, Third; c. 138, §§ 1, 61; c. 140, §§ 21E, 21F; c. 180, § 27; c. 266, § 58. *Commonwealth* v. *Smith*, 102 Mass. 144. *Commonwealth* v. *Baker*, 152 Mass. 337. *Commonwealth* v. *Woelz*, 219 Mass. 37. *Commonwealth* v. *Novick*, 248 Mass. 317. *Newton Centre Woman's Club, Inc.* v. *Newton*, 258 Mass. 326. *Workmen's Circle*

*Educational Center of Springfield, Inc.* v. *Assessors of Springfield*, 314 Mass. 616. Clubs of various characters have been the subject of litigation with reference to the exemption of certain clubs from the income tax, U. S. C. (1940 ed.) Title 26, § 101 (9), and the imposition of a tax on dues, U. S. C. (1940 ed.) Title 26, § 1710, paid by members to a social, athletic or sporting club. *White* v. *Winchester Country Club*, 315 U. S. 32. *Santee Club* v. *White*, 87 Fed. (2d) 5. *Union Club of Pittsburgh* v. *Heiner*, 99 Fed. (2d) 259. *United States* v. *Anderson*, 108 Fed. (2d) 475. *Koon Kreek Klub* v. *Thomas*, 108 Fed. (2d) 616. *West Side Tennis Club* v. *Commissioner of Internal Revenue*, 111 Fed. (2d) 6. *Scofield* v. *Corpus Christi Golf & Country Club*, 127 Fed. (2d) 452.

The tax provided for by G. L. (Ter. Ed.) c. 64B, § 2, is an excise laid upon the furnishing of meals which cost the purchaser $1 or more "at any restaurant, eating house, hotel, drug store, club, resort or other place at which meals or food are regularly served to the public." A restaurant cannot be conducted without a common victualler's license and a hotel cannot be conducted without an innholder's license. Both are required to be provided at all times with suitable food for strangers and travellers and, besides, the latter must have suitable rooms with beds and bedding for the lodging of its guests. G. L. (Ter. Ed.) c. 140, §§ 2, 5, 6. The keeper of the restaurant is required, with certain exceptions not here material, to supply food to a stranger or traveller and the hotel keeper is required to receive them into his hotel. The failure to supply food in one case and lodging in the other carries a penalty. G. L. (Ter. Ed.) c. 140, §§ 7, 8. So does the exclusion of a person on account of color or race. G. L. (Ter. Ed.) c. 272, § 98. *Bryant* v. *Rich's Grill*, 216 Mass. 344. A restaurant has been held to be a public eating house. *Commonwealth* v. *Wetherbee*, 101 Mass. 214. *Commonwealth* v. *Meckel*, 221 Mass. 70. A drug store having a department at which food is furnished to the public is a common victualler. *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams*, 296 Mass. 41. *State* v. *Seithel*, 201 S. C. 1. The other places where food is furnished and upon which the tax shall be imposed are

a resort or other place where meals are regularly served to the public. All the places specifically named, laying clubs to one side for the moment, and those included in the general terms, are places where the public have a right to go and are entitled as matter of right to be served. The nature and character of the particular places enumerated in this section have been frequently defined and explained and the differences pointed out between some of them and some of the other places mentioned in the section.[1] At the time of the enactment of the statute in 1941 it was well known that many clubs, so called, were engaged in the business of furnishing food to the public. Many of them were located in the theatrical districts of the large cities. Their business did not differ from that of a restaurant excepting that some of them furnished entertainment to their customers and some furnished music for dancing by the diners. The entertainment furnished to patrons at such a place "was merely incidental to its main business of furnishing food and other refreshments, and . . . it was a restaurant, a so called night club." *Ober* v. *National Casualty Co., ante,* 27, 31. Such places were clubs only in name. They were open to all those who cared to enter. Plainly they were similar to the places specifically named in § 2 and came within the taxing act. It may be that the Legislature by using the term "club" did so only for the purpose of including such establishments. A private club such as the taxpayer is not of the kind or character of any of the places enumerated in § 2. The word "club" as used in that section means a club similar to the places above described, and it does not include a club like that conducted by the taxpayer. *Muir* v. *Keay,* L. R. 10 Q. B.

---

[1] *Fort Smith* v. *Gunter,* 106 Ark. 371. *Hammond* v. *McDonald,* 49 Cal. App. (2d) 671. *Meserole* v. *Liquor Control Commission,* 125 Conn. 104. *In re Application of Henery,* 124 Iowa, 358. *People* v. *Simcox,* 379 Ill. 347. *Campbell* v. *Weathers,* 153 Kans. 316. *New Galt House Co.* v. *Louisville,* 129 Ky. 341. *Michigan Packing Co.* v. *Messaris,* 257 Mich. 422. *People* v. *Gold,* 6 N. Y. Sup. (2d) 264. *People* v. *Kupas,* 171 Misc. (N. Y.) 480. *Commonwealth* v. *Cuncannon,* 3 Brewst. 344. *Ford* v. *Waldorf System, Inc.* 57 R. I. 131, 133–134. *Portuguese-American Independent Social Club* v. *Costello,* 63 R. I. 4. *McClaugherty* v. *Cline,* 128 Tenn. 605. *Talbott* v. *Southern Seminary, Inc.* 131 Va. 576. *Donahue* v. *Conant,* 102 Vt. 108. *Stetzer* v. *Chippewa County,* 225 Wis. 125.

594.  *Wellesley College* v. *Attorney General*, 313 Mass. 722, 733.  *Kenney* v. *Building Commissioner of Melrose*, 315 Mass. 291, 295.

We are not confined to said § 2 in construing the taxing act, and other parts of this act confirm our conclusion that a private club furnishing meals to its members and their guests and visitors does not come within the taxing enactment.  The act is entitled "Excise upon Charges for Meals served to the Public."  The title is in a legal sense a part of the act, and resort may be had to it as an aid in the interpretation of the act.  *Proprietors of Mills* v. *Randolph*, 157 Mass. 345, 350.  *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500, 505.  *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 586.  *Brown* v. *Robinson*, 275 Mass. 55, 57, 58.  *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 501.  It was said in *Wellesley College* v. *Attorney General*, 313 Mass. 722, 732, that this title "correctly sets forth the scope of the enactment.  It indicates that the excise is levied upon meals served to the public at places that are open and available to those members of the public who have a right to enter and be served with food for which the agreed compensation is to be paid."  Finally, § 3 clearly shows that the act extends only to those who are maintaining the business of serving meals to the public, for it is only such a person that is required to secure a certificate of registration which "shall remain in effect so long as the taxpayer is engaged in the business of serving meals to the public."  For reasons stated in *Wellesley College* v. *Attorney General*, 313 Mass. 722, 732, and which need not be repeated, we are of opinion that the taxpayer was not conducting such a business.  We perceive no error of law in the decision of the board.

> *Abatement granted in the amount*
>     *of $488.24, with costs.*