Walling *v.* Potter.

------

SIMEON M. WALLING *vs.* GEORGE POTTER.

A person receiving transient accommodation at an inn, for which he is charged by the inn-keeper, is a guest, and entitled to all the rights of a guest, although he be not actually a traveler.

ACTION on the case against the defendant as an inn-keeper to recover money stolen from the plaintiff while a guest at the inn. The following facts were found by the Superior Court.

The plaintiff lost money at the defendant's inn, under such circumstances that he is entitled to recover therefor the sum

of $60, if the relation of inn-keeper and guest existed between the parties. The defendant it was admitted was an inn-keeper. The plaintiff and defendant both resided in the town of Kent, and the inn was in Kent, about half a mile from the plaintiff's residence. ·The plaintiff came to the inn on an evening, staid there over night, and took breakfast there; and paid the defendant for his night's lodging and breakfast his usual charge for such entertainment.

The plaintiff claimed that on these facts he was a guest at the inn, and entitled to treat the defendant as inn-keeper, and hold him responsible as such. The defendant claimed that the plaintiff was not a traveler or a wayfaring man, and not a guest at the inn so as to be authorized to charge the defendant as inn-keeper for the loss claimed.

The question of law arising on the facts was reserved for the advice of this court.

*Hubbard* and *Andrews*, for the plaintiff, cited *Thompson* v. *Lacy*, 3 Barn. & Ald., 283; *Parker* v. *Flint*, 12 Mod., 255; *Peet* v. *McGraw*, 25 Wend., 653; 1 Parsons on Cont., 572, 610; Jones on Bailm., 35; 3 Bac. Abr. *Inn-keeper*, *C.*, 4; 2 Kent Com., 595; *Towson* v. *Havre de Grace Bank*, 6 Har. & J., 47; *Mason* v. *Thompson*, 9 Pick., 280; *Bennett* v. *Mellor*, 5 T. R., 273; *York* v. *Grindstone*, 1 Salk., 388; *Gelley* v. *Clerk*, Cro. Jac., 188; *Beedle* v. *Morris*, id., 224; *S. C.*, Yelv., 162; *Jones* v. *Osborn*, 2 Chitty, 484.

*O. S. Seymour* and *Knapp*, for the defendant, cited 1 Swift Dig., 550; *Thompson* v. *Lacy*, 3 Barn. & Ald., 283; 2 Parsons on Cont., 5th ed., 150; *Berkshire Woolen Company* v. *Proctor*, 7 Cush., 417; Story on Bailm., § 477; Dean's Commercial Law, § 481; 3 Bac. Abr., *Inn-keeper*, *C.*, 5; *Calye's Case*, 8 Coke, 32; *Grinnell* v. *Cook*, 3 Hill, 485; Smith's Lead. Cas., 266; Jones on Bailm., 110.

CARPENTER, J. The plaintiff and defendant were residents of the same town. The defendant was an inn-keeper, and the plaintiff took lodging and breakfast at his inn, paying therefor the usual charge for such entertainment. While at

the defendant's inn the plaintiff lost a sum of money, and the court has found that he is entitled to recover the sum lost, provided the law is so that the relation of inn-keeper and guest existed between the parties. Whether such relation existed or not is the question and the only question reserved.

An inn has been judicially defined as "a house where the traveller is furnished with every thing which he has occasion for while on his way." *Thompson* v. *Lacy*, 3 Barn. & Ald., 283. A guest is one who patronizes an inn as such. But it is said that none but a traveler can be a guest at an inn in a legal sense. We do not suppose that the court intended, in the definition above quoted, to lay stress upon the word traveler. It is used in a broad sense to designate those who patronize inns. In *Wintermute* v. *Clark*, 5 Sandf., 247, the court say, that in order to charge a party as an inn-keeper, it is not necessary to prove that it was only for the reception of travelers that his house was kept open, it being sufficient to prove that all who came were received as guests without any previous agreement as to the time or terms of their stay. A public house of entertainment for all who choose to visit it, is the true definition of an inn. These definitions are really in harmony with each other. Webster defines a traveler as "one who travels in any way." Distance is not material. A townsman or neighbor may be a traveler, and therefore a guest at an inn, as well as he who comes from a distance, or from a foreign country. If he resides at the inn, his relation to the inn-keeper is that of a boarder; but if he resides away from it, whether far or near, and comes to it for entertainment as a traveler and receives it as such, paying the customary rates, we know of no reason why he should not be subjected to all the duties of a guest, and entitled to all the rights and privileges of one. In short, any one away from home, receiving accommodations at an inn as a traveler, is a guest, and entitled to hold the inn-keeper responsible as such.

The Superior Court must be advised to render judgment for the plaintiff.

In this opinion the other judges concurred.