## LIABILITY OF LODGING HOUSE KEEPER FOR VALUABLES BELONGING TO GUESTS.

Common Pleas Court of Hamilton County.

JOSEPH HART v. H. ROECKERS. *

Decided, June, 1907.

*Inns and Innkeepers—Lodging House is an Inn, When—Proprietor
of Lodging House Liable for Valuables Deposited with Him for
Safekeeping and Lost—Section 4427.*

The proprietor of a lodging house, in connection with which meals
are served and a bar is operated, is an innkeeper, and a patron,
paying a stipulated sum for board and lodging, of such a house is
a guest; and where the patron deposits valuables with the pro-
prietor for safekeeping and they are lost, the proprietor is liable
therefor.

*Wm. C. McLean*, for the motion.
*W. A. Rinckhoff*, contra.

WOODMANSEE, J.

In this case the jury returned a verdict for the plaintiff for
monies deposited with the defendant for safe keeping.

The defendant was the proprietor of a lodging house on Vine
street, Cincinnati, in connection with which he served meals
and operated a bar. The monies for which judgment was ren-
dered were left by the plaintiff with the barkeeper. Later the
proprietor was advised of the matter, and took possession of the
monies with plaintiff's knowledge and consent. On the following
morning the proprietor delivered the monies to the barkeeper
with the instructions that he return the same to the plaintiff.

---

* Affirmed by the Circuit Court, *Roeckers* v. *Hart*, 11 C. C.—N. S., ——.

During the day the barkeeper absconded, taking the monies with him.

The court instructed the jury that if it found from the evidence that the plaintiff made the barkeeper his agent, then he could not recover. The verdict indicates that the jury considered the barkeeper as the agent only of the defendant, and the court believes the evidence justifies this finding.

A new trial is urged for the reason that defendant is not an innkeeper; that plaintiff was not a guest, and that the laws governing the relations of innkeeper and guest do not apply.

It must be conceded that an innkeeper like a carrier is an insurer against the burglar and the thief. An ancient authority said:

'The defendant if he will keep an inn ought at his peril to keep safely his guests' goods.''

The old presumption against the landlord is overcome only by the negligence or fraud of the guest, by the act of God or the public enemy.

Who is a guest? In its broad sense the word is used to designate those who patronize an inn and especially those who take lodging. It was claimed at the trial of this cause that a guest must necessarily be a wayfaring man—a traveler. However, in the case of *Walling* v. *Potter*, 35 Conn., 183, the court say:

"A person receiving transient accomodation at an inn, for which he is charged by the innkeeper, is a guest and entitled to all the rights of a guest although he is not actually a traveler.''

In this case it is also held that a man living in the town where the inn is located may be a guest. And an inn is defined to be "a public house of entertainment for all who choose to visit it.'' The case of *Wintermuth* v. *Clark*, 5 Sandf., 242, holds that:

"To charge defendant as an innkeeper, it is sufficient to prove that he received as guests all who choose to visit his house, without any previous agreement as to the duration of their stay or the terms of their entermainment.''

The case of *Cromwell* v. *Stephens*, 2 Daly (N. Y.), 15, is more directly in point, as it refers to an establishment like the one operated by the defendant herein:

''Where the restaurant forms a part of the establishment and the house is kept under one general management for the receipt of all travelers or *guests* that may come, it is an *inn*—there being no particular difference between it and the Elizabethian inn, in which the traveler paid separately for his apartments and his meals.''

Our statute relating to guests depositing valuables with the landlord for safekeeping is for the landlord's protection. The plaintiff in this case adopted the best protection, and to say now that. he was not a guest and that the relation of guest and innkeeper did not exist is not well taken.

The act of Parliament which is now the law of England governing in these matters defines who are guests, but in the absence of a definition in our law we ought to follow the definition established by long usage.

Aside from all this the court is of the opinion that the verdict in this case ought to stand, for the monies lost were entrusted to the defendant and have not been returned to the plaintiff.

Motion overruled.