Hill v. Hotel Co.

## S. D. HILL *et ux.* *v.* MEMPHIS HOTEL COMPANY. *

*(Jackson.* April Term, 1911.)

1. **INNS AND INNKEEPERS.** Who are innkeepers and what are inns.

An "innkeeper" is a person who publicly professes that he keeps an "inn," a house of entertainment for travelers, and that he will receive therein all travelers promising to pay an adequate price and coming in a situation or condition fit to be received. (*Post, pp.* 379, 380.)

2. **SAME.** What establishes the relationship of "host" and "guest."

To establish the relation of "host" and "guest" at an inn, the traveler must visit the inn for the purpose of availing himself of the entertainment offered, and the innkeeper must receive the traveler for the purpose of entertaining him; but it is not necessary that the traveler shall register in order to become a guest of the innkeeper. The traveler's application for the entertainment and the innkeeper's furnishing of the same constitute the relation of host and guest. (*Post, pp.* 380-383.)

Cases cited and approved: Overstreet v. Moser, 88 Mo. App., 72; Walling v. Potter, 35 Conn., 183; Pullman Palace Car Co. v. Lowe, 28 Neb., 239; Wintermore v. Clark, 5 Sandf. (N. Y.), 247.

Cases cited and distinguished: Hotel Co. v. Holohan, 112 Tenn., 214; Gastenhofer v. Clair, 10 Daly (N. Y.), 265.

---

*As to what acts, with respect to baggage of an intending guest, will initiate the relation of innkeeper and guest so as to create liability for its loss or injury, see note in 23 L. R. A. (N. S.), 1107.

Hill v. Hotel Co.

3. SAME. Liability for traveler's baggage received into inn-
   keeper's possession by his servants, without formal notice from
   traveler, when.

Where an innkeeper, a corporation, through its servants em-
   ployed for that purpose, met a traveler on his arrival at the
   hotel, and received his baggage into its possession, and de-
   posited it at the usual place, and served him with such refresh-
   ments as he desired, for which he paid the usual and custom-
   ary charges, the innkeeper is liable for the loss of the trav-
   eler's baggage, and cannot escape such liability upon the
   ground that the traveler did not formally notify the innkeeper
   that he was a traveler who had resorted to the hotel to re-
   ceive entertainment. (*Post, pp.* 383, 384.)

Case cited and approved. Dickerson v. Rogers, 4 Humph., 181.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County to
the Court of Civil Appeals, and by *certiorari* from the
Court of Civil Appeals to the Supreme Court.—F. H.
HEISKELL, Chancellor.

CARUTHERS EWING, for plaintiffs.

FITZHUGH & BRIGGS and THOS. A. EVANS, for defend-
ant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This bill was filed in the chancery court of Shelby county against the Memphis Hotel Company to recover the loss of a suit case and contents, which, it is alleged, were lost while in the possession of defendant company, and while the complainants were guests of the Hotel Gayoso. This hotel is operated by the defendant company.

The facts are that on the evening of December 11, 1909, the complainants, who lived in the State of Oklahoma, arrived at he Gayoso Hotel in Memphis, Tenn., en route to New Orleans. They were assisted in alighting from their carriage by a servant of the defendant company, who carried their baggage, consisting of three suit cases, into the hotel office and deposited it near the clerk's desk, along with the baggage of others who were at that time coming into the hotel. The complainants did not register as guests of the hotel, nor did they communicate with the clerk their intention to become guests, and gave no directions about the care of their baggage. Soon after entering the hotel, they went to the cafe or dining room operated by the defendant as a restaurant. The Hotel Gayoso is operated upon the European plan, and the defendant furnishes guests their lodging without meals, and their meals without lodging. The complainants had dinner in the cafe of the defendant, which consumed about one hour's time, and for which they paid

the sum of four or five dollars, and returned to the first floor of the hotel above the office and lobby, and there they enjoyed music that was being furnished for the entertainment of guests of the hotel. Soon after leaving the cafe, the complainant Hill went into the office and bought a cigar, and at that time noticed the baggage of ·himself and wife near the clerk's desk at the place where it was first deposited by the servant of defendant. He returned to the first floor above the office, and there in company with his wife remained until about 10 o'clock, when they resumed their journey to New Orleans.

The chancellor gave a decree in favor of complainants of the sum of $173.84, this being the value of the suit case lost and contents, consisting chiefly of the wearing apparel of the complainant Mrs. Hill. This decree was reversed by the court of civil appeals, and complainants' bill dismissed, and to the decree of the latter court the complainants have filed their petition for writs of *certiorari* and *supersedeas*. The court of civil appeals was of opinion that upon the facts just stated the complainants never became the guests of the defendant for the reason that they never notified the clerk, or any other officer or agent of the defendant in authority, of their arrival, and therefore they were not accepted by defendant as its guests, notwithstanding they patronized its cafe and were served and refreshed as guests.

An inn is a house of entertainment for travelers, and an innkeeper is a person who publicly professes that he keeps an inn, and will receive therein all travelers who

promise to pay an adequate price and who come in a situation fit to be received.

To establish the relation of host and guest, the traveler must visit the inn for the purpose of availing himself of the entertainment offered, and the innkeeper must receive the traveler for the purpose of entertaining him. These principles are conceded by all, and accepted by the court of civil appeals; but that court was of opinion that it was incumbent upon complainants to give notice to the clerk, or some officer or agent of the defendant company authorized to bind it in the matter, before the relationship of host and guest could be established.

In this we think the learned court was in error. The defendant held itself out as an innkeeper and publicly professed to entertain travelers for compensation. All of the authorities agree that it is not necessary that a traveler shall register in order to become a guest of the innkeeper. It is sufficient if he visit the inn for the purpose of receiving entertainment, and is entertained by the keeper.

An application to the innkeeper for entertainment is sufficient notice of the traveler's intention to become a guest, and supplying his wants and furnishing the entertainment in the way in which the innkeeper publicly professes to entertain travelers are sufficient acceptance to constitute the relationship of host and guest. This may be of any form of entertainment which the innkeeper publicly professes to serve. The traveler receiv-

ing lodging without food, or food without lodging, or any other form of refreshment which the innkeeper publicly professes to serve in the usual and customary way in which travelers are entertained, thereby becomes a guest.  22 Cyc., 1075; 16 Am. and Eng. Enc. of Law (2d Ed.), 519; *Overstreet* v. *Moser,* 88 Mo. App., 72; *Walling* v. *Potter,* 35 Conn., 183.

The supreme court of Nebraska, in *Pullman Palace Car Company* v. *Lowe,* 28 Neb., 239, 44 N. W., 226, 6 L. R. A., 809, 26 Am. St. Rep., 325, quotes the following from *Walling* v. *Potter,* 35 Conn., 183, supra, approvingly:

"In *Wintermute* v. *Clark,* 5 Sandf. (N. Y.), 247, the court says that, in order to charge a party as an innkeeper, it is not necessary to prove that it was only for the reception of travelers that his house was kept open; it being sufficient to prove that all who came were received as guests, without any previous agreement as to the time or terms of their stay.  A public house of entertainment, for all who choose to visit it, is the definition of an inn.  These definitions are really in harmony with each other.  Webster defines a traveler as one who travels in any way.  Distance is not material.  A townsman or neighbor may be a traveler, and therefore a guest at an inn, as well as he who comes from a distance, or from a foreign country.  If he resides at the inn, his relationship to the innkeeper is that of a boarder; but if he resides away from it, whether far or near, and comes to it for entertainment as a traveler, and receives it as

such, paying the customary rates, we know of no reason why he should not be subjected to all the duties of a guest, and entitled to all the rights and privileges of one. In short, any one away from home, receiving accommodation at an inn as a traveler, is a guest, and entitled to hold the innkeeper responsible as such."

The court of civil appeals rests its conclusion upon the authority of *Hotel Company* v. *Holohan,* 112 Tenn., 214, 79 S. W., 113, and *Gastenhofer* v. *Clair,* 10 Daly (N. Y.), 265. A casual examination of *Hotel Company* v. *Holohan* will disclose that the question involved here was neither presented, discussed, nor decided by the court in that case. In discussing the contention of counsel for Holohan that the hotel company should be held liable as a mere bailee in the event the court should be of the opinion that it was not liable as an innkeeper, the court held that inasmuch as Holohan did not place his baggage in the possession or custody of the clerk or baggage keeper, or any other employee of the hotel company, the company could not be held liable as an ordinary bailee. However, in discussing the liability of the hotel company as an innkeeper, the court negatively stated the rule as follows:

"The universal rule seems to be that one cannot become the guest of a hotel unless he procure some accommodations. He must procure a meal, room, drink, feed his horse, or at least offer to buy something of the innkeeper, before he becomes a guest."

The case of *Gastenhofer* v. *Clair,* supra, as annotated

in note 62, 22 Cyc., 1076, is authority for the position of
the court of civil appeals that there must be some com-
munication between the traveler and the keeper in order
to establish the relationship of host and guest. It, how-
ever, is not authority for the opinion of that court that
there must be communication between the traveler and
any particular officer or agent of the innkeeper. An ex-
amination of the case itself discloses that Gastenhofer
was not a traveler in the legal sense, and that he did not
go to the hotel for the purpose of receiving its accommo-
dations as such. Gastenhofer supposed that his uncle
was a guest of the inn, and he visited it for the purpose
of meeting him, but failed to do so. While waiting for
his uncle to come in, the dinner hour arrived, and he en-
tered the dining room and ate dinner. It was held that
Gastenhofer was not a guest of the hotel, and that the
waiter in the dining room was not a servant of the hotel
authorized to receive guests. This case is sound, and
was correctly decided, and is not in conflict with any of
the many authorities cited in support of this opinion.

The defendant, through its servant employed for the
purpose, met the complainants upon their arrival at its
hotel, received their baggage into its possession, and de-
posited it at the place where such baggage of travelers
and guests of the hotel was usually deposited, and served
them with such refreshments as they desired, for which
they paid its usual and customary charges; and it can-
not escape liability because it was not formally notified
by complainants that they were travelers who had re-

sorted to the hotel for the purpose of receiving such refreshments as it publicly professed to serve, and enjoying the conveniences for rest which it had provided for the traveling public.

It is said that this rule works a great hardship upon innkeepers, and may subject them to great annoyances, and sometimes to unjust losses. To this, we can only reply that such is the law according to all of the authorities, and as stated by this court in *Dickerson* v. *Rogers*, 4 Humph., 181, 40 Am. Dec., 642, to wit:

"Rigorous as this rule may seem, and hard as its operation may be in a few instances, it is founded on the great principle of public utility, to which all private considerations ought to yield. 'For,' as Sir William Jones justly observes (Bailments, 95), 'travelers, who are most numerous in a rich and commercial country, are obliged to rely almost implicitly on the good faith of inkeepers, whose education and morals are none of the best, and who might have frequent opportunities of associating with ruffians and pilferers, while the injured guest would seldom or never obtain legal proof of such combinations, or even of their negligence, if no actual fraud had been committed by them.' "

The petition for *certiorari* is granted, and the decree of the court of civil appeals is reversed, and that of the chancellor is affirmed, with costs.