(65 Misc. Rep. 100.)
### CONLEY v. CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. October, 1909.)

1. LICENSES (§ 34*)—VOLUNTARY PAYMENT—DURESS.

A policeman called on plaintiff at his dancing school, requested to see his city license, and, on being informed that he had none, told plaintiff to go to the mayor's office and procure a license, for which he paid $25. Plaintiff was not told that he must stop running the school, or he would be arrested, unless he procured a license; nor was anything said as to the consequences of his failure to obtain it. *Held*, that the payment was not the result of duress, but was voluntary, and therefore not recoverable, even though the requirement was invalid.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 68; Dec. Dig. § 34.*]

2. LICENSES (§ 6*)—AMUSEMENTS—DANCING SCHOOLS—REGULATION.

Where a city was authorized to enact any ordinance deemed expedient for the city's good government and the preservation of peace and good order, the suppression of vice, and preservation of health, an ordinance regulating public dancing schools, and requiring a license for the operation thereof, was authorized.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 5, 6; Dec. Dig. § 6.*]

Appeal from Municipal Court of Buffalo.

Action by Stephen F. Conley against the City of Buffalo. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed.

Louis Desbecker (Frederic C. Rupp, of counsel), for appellant.
Kenefick, Cooke & Mitchell (Guy Wellman, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, J. In 1906 one of defendant's policemen called on plaintiff at his dancing school and asked to see his license. Plaintiff stated that he did not have a license. The policeman told plaintiff to go to the mayor's office and get one; that he (plaintiff) must have a license to run a dancing school. Plaintiff went to the mayor's office, procured the license, and paid $25 for it. In 1907 these conversations were repeated, and a second license was procured by payment of a like sum. It is now urged that the city ordinance requiring such a license is void, and that consequently such payments were made under compulsion, to prevent interference with, or destruction of, plaintiff's business, and injury to his property rights.

In every case to which attention has been called wherein it is held that payments were made under circumstances permitting a recovery and constituting duress, the payor was under arrest, or threatened with arrest, or his property taken from his possession, or he was threatened with physical interference with his person or property, or an injury to property rights, and made the payment against his will, in order to escape some injury immediately to be apprehended. It is observed that plaintiff was not told that he must stop running the dancing school or he would be arrested—not a word about stopping the school; not a word about interfering with the school; not a word about the arrest of the plaintiff; not a word as to consequences of failing to obtain a license; no interference with the running of the school; no interference with the liberty of the plaintiff. The claim, duress, has no foundation whatever in what the policeman actually said to the plaintiff, but rests upon the claimed inferences that what was said implied the threat that unless a license was obtained heavy penalties provided in the ordinance would be incurred, or that some steps would be taken to prevent the running of the school. It is clear that there can be no claim made that the payments were made by any coercion in fact.

In Wolff v. New York, 92 App. Div. 449, 87 N. Y. Supp. 214, the policeman said to plaintiff, that unless he produced a permit authorizing the work, he (plaintiff) would be arrested. The permit cost $229.50. The justice writing for the Appellate Division, commenting on these facts, says:

"The plaintiff was not told that he must pay $229.50, or he would be arrested."

It is quite likely that if the plaintiff had not voluntarily paid the license fees, and defendant had taken steps to compel such payments against the will of the plaintiff, then there would have been facts constituting duress or compulsion; but to take out a license on the mere statement that one must be had seems to be such a voluntary payment as to preclude a recovery, assuming that the ordinance is void.

It is difficult to understand the theory upon which the trial court reached the conclusion that the ordinance is void. The Legislature authorized the common council of the defendant to enact any ordinance as "shall be deemed expedient for the good government of the city, the protection of its property, the preservation of peace and good

°order, the suppression of vice, the benefit of trade and commerce, and the preservation of health." If the common council and mayor deemed it expedient for the preservation of health, peace, and good order, and the suppression of vice, that a public dancing school should not be conducted, except by a person of good character in a designated building in which no intoxicating liquors were sold, that no girl under 16 years of age should be admitted thereto unless accompanied by her parent or guardian, that no dancing should be permitted on Sunday, or on any other day after 11 o'clock in the evening, and requiring a license to be taken out for such a business, it is inconceivable why an ordinance providing for such regulation of such a business was not clearly within the authority granted by the Legislature. If the conduct of any business or profession is likely to affect the health of minors and others who patronize it, is likely to affect the peace and good order of the community, is likely to need the restraining influence of laws for the suppression of vice, it is a public dancing school, operated on liberal lines, unrestrained by the regulations provided by such an ordinance.

The ordinance requiring plaintiff to take out a license is valid, the license fees sued for are the property of the city, and plaintiff cannot recover.

Judgment appealed from reversed, with costs.