KLINGER v. RYAN.

(Supreme Court, Special Term, Niagara County. June 1, 1915.)

1. SUNDAY ⬤⇒6—AMUSEMENTS—PICTURE SHOW.
    The Penal Law (Consol. Laws, c. 40) does not prohibit the exhibition of moving pictures on Sunday.
    [Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 11, 12; Dec. Dig. ⬤⇒6.]

2. SUNDAY ⬤⇒2—REGULATION OF PICTURE SHOWS—SUNDAY CLOSING.
    A municipality cannot, without express legislative authority, by ordinance enforce Sunday closing of moving picture shows.
    [Ed. Note.—For other cases, see Sunday, Cent. Dig. § 2; Dec. Dig. ⬤⇒2.]

3. THEATERS AND SHOWS ⬤⇒3—POWERS OF MAYOR—PICTURE SHOWS.
    The mayor of a city has no inherent power to enforce the Sunday closing of picture shows by imposing such condition in the license.
    [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 3; Dec. Dig. ⬤⇒3.]

4. INJUNCTION ⬤⇒105—ADEQUACY·OF LEGAL REMEDY—ENFORCEMENT OF ORDINANCE.
    Equity will not enjoin a chief of police of a city from arresting the proprietor of a picture show for running his show contrary to the conditions of the license, which conditions were void, since the proprietor has a legal remedy under Penal Law, § 854, providing that an officer who, under color of his office, unlawfully and maliciously injures the person or property of another, shall be guilty of a misdemeanor, or by action at law for damages.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. ⬤⇒105.]

Action by Henry Klinger against John F. Ryan, individually, and as Chief of Police of the city of North Tonawanda. On motion to continue a temporary injunction restraining defendant from arresting plaintiff for opening his moving picture show on Sunday. Motion denied.

A. R. Smith, of North Tonawanda, for relator.
A. F. Premus, of Tonawanda, for defendant.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

POUND, J. [1, 2] It now seems to be established (a) that the Penal Law of the state of New York does not prohibit the exhibition of moving pictures on Sunday (People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690); and (b) that a municipality cannot, independent of express legislative authority, by ordinance compel and enforce Sunday closing of moving picture shows (People ex rel. Kieley v. Lent, 166 App. Div. 550, 152 N. Y. Supp. 18, affirmed May 4, 1915, by the Court of Appeals [109 N. E. ——]).

[3] I am unable to distinguish between the inherent power of the city to prohibit Sunday shows by ordinance and the inherent power of the mayor to prohibit them by the conditions of a license. The Legislature alone may command how Sunday may be kept, and it has not delegated the power to the mayor of North Tonawanda, by giving to that official the mere general power to license entertainments.

[4] It will be observed, however, that in both the cases cited above as holding that it is not a crime to exhibit moving pictures on Sunday, the question arose on a criminal prosecution. The general rule is that equity will not interfere to prevent the enforcement of the criminal law, even though the police are mistaken in their opinion as to what constitutes a crime. So held in the cases of Sunday shows at the well-known Eden Musée (wax figures), 125 App. Div. 780, 110 N. Y. Supp. 210, at the Keith & Proctor Theaters, 125 App. Div. 791, 110 N. Y. Supp. 219, and at the Manhattan Theater (movies), 125 App. Div. 784, 110 N. Y. Supp. 217; the Appellate Division in each case, and many others, reversing Special Term orders granting such injunctions against police interference.

I am well aware that equity will by injunction prevent irreparable injury by unlawful trespass of the police on private property, as held in Fairmont Athletic Club v. Bingham, 61 Misc. Rep. 419, 113 N. Y. Supp. 905; but that principle has no application here. I am also aware that many injunctions have been issued in Special Term to restrain interference with Sunday movies, but mostly before the law was settled on the appeals where such injunction orders were reversed, supra. If the plaintiff is oppressed or injured by any unlawful act of the defendant, he may invoke Penal Law, § 854, or he may have an action at law for his damages. Delaney v. Flood, 183 N. Y. 323, at page 329, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, 5 Ann. Cas. 480.

Motion to continue injunction denied, with $10 costs on the ground that plaintiff has an adequate remedy at law.