13-A of the Membership Corporations Law to recover the amount of a *per capita* assessment levied upon its members by resolution of its board of directors under article 10 of its by-laws which read as follows: " Emergency capital: If emergency capital is necessary the directors, by a majority vote, may call for additional funds from the members and issue therefor additional certificates of indebtedness."

. Defendant contended that the assessment and by-law under which it was alleged to have been levied were invalid; that the plaintiff had no authority to adopt the by-laws under which this assessment was levied; that the by-law was unreasonable and indefinite, and was in conflict with the certificate of incorporation and other provisions of the by-laws.

*Bernard Swartz* for appellant.

*William W. Storrs* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ. Dissenting: LEHMAN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN T. HALLIN et al., Appellants.

*Crimes — harboring intoxicated persons in refreshment saloon in violation of city ordinance.*

*People* v. *Hallin,* 217 App. Div. 816, 817, affirmed.

(Argued January 20, 1927; decided February 23, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 29, 1926, which affirmed a judgment of the Chautauqua County Court affirming a judgment of the City Court of Jamestown, convicting defendants, who operated a refreshment saloon in the city of Jamestown, of harboring intoxicated persons therein in violation of a city ordinance which provided: " It shall be unlawful for any person owning, conducting

Prepared by State Reporter from Appeal Papers

or in charge of any refreshment business as defined in this chapter to harbor intoxicated persons on the premises, or to permit the drinking of intoxicating beverages therein, or to allow intoxicated persons to resort thereto; or to permit any disorderly, indecent, immoral or unlawful conduct on or in such premises."

*Michael D. Lombardo* and *Benjamin S. Dean* for appellants.

*Glenn W. Woodin, District Attorney (John S. Leonard* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ.

---

EMPIRE PRODUCE COMPANY et al., Appellants, *v.* HARRY L. ALLEN, as Trustee in Bankruptcy of AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., et al., Defendants, and EUGENE BURNS et al., Respondents.

*Stocks and stockholders — corporations — creditors' suit — action by creditors of bankrupt corporation to recover amounts unpaid on capital stock.*

*Granger & Co.* v. *Allen,* 214 App. Div. 367, affirmed.

(Argued January 20, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 25, 1925, modifying and affirming as modified a judgment in favor of defendants entered upon the report of a referee. The action was brought by creditors of a bankrupt corporation to recover, under section 56 of the Stock Corporation Law, from alleged holders of capital stock, not fully paid for, the amounts due thereon.

*John Griffin* and *Harry K. Brown* for appellants.

*James O. Sebring* and *George A. King* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ.