LEO C. HITCHCOCK, Plaintiff, v. ROBERT B. FOOTE and Others, Defendants.

PETER LALLE, Plaintiff, v. ROBERT B. FOOTE and Others, Defendants.

Supreme Court, Erie County, December 3, 1930.

*Sidney B. Pfeifer*, for the plaintiff Hitchcock.

*Stephen L. Perkins*, for the plaintiff Lalle.

*Schohl & Kinkel*, for the defendants.

LARKIN, J. The plaintiffs have licenses to operate public dance halls in the town of Evans, granted in the spring of 1930, by the town board, pursuant to section 222 of the Town Law (added by Laws of 1928, chap. 705, as amd. by Laws of 1930, chap. 161).

Subsequently, the town board adopted an ordinance which, in terms, forbids Sunday dancing in halls so licensed pursuant to section 222. Thereafter, and in the summer of 1930, complaints were made to the town board by citizens of the town of Evans, asking the revocation of plaintiffs' licenses. Hearings were held upon these complaints. At a meeting on August 11, 1930, the town board revoked both licenses with a provision that the revocations were to be effective August 23, 1930, upon the ground that the complaints had been substantiated, in so far as they charged the plaintiffs with permitting Sunday dancing, in violation of this town ordinance forbidding dancing on Sunday.

Section 222 of the Town Law, as applied to the town of Evans, provides that no person shall operate or maintain, in the town, a dance hall where dances are conducted or held, where an admission fee is charged or a collection taken, without first obtaining a license therefor from the town board, and that the board shall have the right to revoke the license on the complaint of any citizen. The Town Law, particularly under the general welfare clause of section 472 (as amd. by Laws of 1917, chap. 597), confers authority upon the board to enact ordinances of the character of the one here under consideration.

In view of the position taken by the defendants upon the argument of this motion, and the affidavit of the town clerk, filed in opposition to the action, the question narrows down to the power of the town board to forbid, by ordinance, public dancing on Sunday, because solely for a violation of such a town ordinance it seeks to revoke the licenses granted to the plaintiffs pursuant to section 222 of the Town Law. Section 222 is broad in its language, and gives absolute power to the town board to revoke these licenses on the complaint of any citizen. If it did not so clearly appear that the board's action was based upon a violation of the ordinance alone, it would be doubtful whether the plaintiffs would have ground for relief. As to the plaintiff Lalle, there was surely basis enough to warrant the revocation of his license as not a proper person to conduct a public dance hall. However, the town board saw fit to place its revocation upon a violation of the ordinance in respect to Sunday dancing, and made a finding, inferentially, that all other complaints against him were unsubstantiated. As to the plaintiff Hitchcock, the only complaint was his violation of the Sunday dancing feature of the ordinance. If, therefore, the board was without power to enact the ordinance in question, in so far as it forbids Sunday dancing, there is, at least, such a substantial doubt as to its right to revoke, as would authorize the continuance of an injunction *pendente lite*.

Apparently, in this State, a municipality, in the absence of express legislative authority, has no power to declare public dancing on Sunday unlawful. This view has been expressed in *People ex rel. Kieley* v. *Lent* (166 App. Div. 550; affd., 215 N. Y. 626); *Matter of Fybern Holding Corp.* v. *Zeitler* (227 App. Div. 840); *Klinger* v. *Ryan* (91 Misc. 71). In so far as *Conley* v. *City of Buffalo* (65 Misc. 100) and *Geyer* v. *Buck* (175 N. Y. Supp. 613) are in conflict, they must be deemed to have been overruled. The ordinance involved in *Matter of Fybern Holding Corp.* v. *Zeitler* (*supra*) was enacted by the legislative body of the city of Buffalo under charter provisions, which gave it specific power to license and regulate dance halls, and also under a general welfare clause in its charter fully as broad as that contained in the Town Law. While it is true that in the case of *Gieser* v. *Town of Amherst* (222 App. Div. 719) the Appellate Division of the Fourth Department reversed an order continuing a temporary injunction against the town board, enjoining them from enforcing a soft drink ordinance, and a dance hall ordinance similar to that involved in the present cases, that decision was apparently predicated on the power of the municipality to regulate soft drink places, because the two authorities relied upon for the reversal of the order were *Safee* v. *City of Buffalo* (204 App. Div. 561) and *People* v. *Hallin* (244 N. Y. 586). Both of these cases involved violation of soft drink ordinances. In addition, it must be borne in mind that in the *Gieser* case the plaintiff sought to restrain the chief of police of the town of Amherst from placing him under arrest, or proceeding with the conduct of any prosecution for a violation of the ordinances. The usual rule is that a court of equity will not restrain the enforcement of criminal process.

In the light of the foregoing decisions, especially *Matter of Fybern Holding Corp.* v. *Zeitler* (*supra*), since from the moving papers it is quite clear that the sole basis for the revocation is the fact that the licensees violated the so-called dance hall ordinance, by permitting dancing on Sunday, the right to revoke on that ground alone is, at least, so doubtful as to warrant the continuance of the injunction *pendente lite*.

An order may enter in accordance with this memorandum.