STETZER, Appellant, vs. CHIPPEWA COUNTY and others, Respondents.

*April 28—May 25, 1937.*

126

For the appellant there was a brief by *W. H. Stafford, Harold E. Stafford,* and *Marshall Norseng,* all of Chippewa Falls, and oral argument by *Mr. Norseng.*

*Ingolf E. Rasmus,* district attorney of Chippewa county, for the respondents.

MARTIN, J.   In substance, the complaint alleges : That the plaintiff owns and operates a tavern in the town of Hallie, Chippewa county, Wisconsin ; that said place of business consists of a building wherein meals, beer, and liquor are served to the public.   The equipment of the building consists of a bar, booths, and tables, and in the center thereof is a small

floor used for dancing and other purposes. Occasionally, exhibitions of various kinds are given for the entertainment of the patrons. There is no entrance or cover charge and no charge for the privilege of dancing. The sole source of income is the sale of food, meals, and refreshments at the bar, tables, and booths. That plaintiff has a restaurant license for the sale of food, and a federal, state, and town license as a tavern for the sale of intoxicating liquors. That the total area of the building is approximately four thousand four hundred eighty square feet. The area suitable for dancing purposes is approximately five hundred ninety-two square feet. A three-piece orchestra plays daily for the entertainment of patrons of the tavern, whether anyone dances or not.

The complaint further alleges that the premises are frequently chartered by public high-school authorities for picnics, outings, and commencement activities of high-school groups, and, further, that "an officer of the law at the expense of the plaintiff is usually in attendance upon every evening, and no vulgar or profane language or disorderly or ungentlemanly conduct is permitted, and there is not allowed at any time the presence of intoxicated persons, or of children of seventeen years of age or under, unaccompanied by their parents or lawful guardian. That neither the plaintiff's place of business nor the amusement is a public or private nuisance. The public, generally, more liberally patronizes said business on Sunday, when dancing is permitted, so that one-third of the income of plaintiff's business is derived from the patronage of the first day of the week."

There is the further allegation, "that plaintiff wishes and desires to operate his place of business in the usual following manner on Sunday, i. e., the public is admitted free to the place of business as usual without payment of fee; food and refreshments are served at the usual prices to those who demand such, and no cover charge whatever is demanded. That

during the evening, entertainment, consisting of artistic, interpretive, and tap dancing is given, and that during the intervals between such acts the patrons of the establishment who are seated at the booths and tables in the room are permitted to dance on a small floor space in the center of the room."

A copy of the dance-hall ordinance is made a part of the complaint in the action, and it is alleged that the defendants in their respective official capacities threatened to enforce such ordinance and to arrest plaintiff for alleged violations thereof. The prayer of the complaint demands judgment declaring that the dance-hall ordinance does not apply to or affect plaintiff's place of business, and that sec. 59.08 (9), Stats. 1935, and the county dance-hall ordinance enacted pursuant thereto are unconstitutional and invalid, and declaring the rights, interest, and status of the plaintiff.

The ordinance is entitled "An ordinance to regulate, control, and license public dances and dance halls under subsection (9) of section 59.08 of the statutes." The material part thereof is par. (b) of sec. 6, under the title, "Rules and Regulations," and provides:

"The following rules and regulations shall govern the conduct, operation and management of all public dances: . . . (b) Public dances shall be discontinued for the night on or before one o'clock a. m., and not to reopen until eight a. m. of the same morning, except that there shall be no dancing from one o'clock a. m. Sunday morning until eight a. m. the following Monday morning, and from eight o'clock p. m. December twenty-fourth (Christmas Eve) until eight o'clock a. m. December twenty-sixth, in each year."

Sec. 59.08, Stats. 1935, so far as here material, provides:

*"Special powers of board.* In addition to the general powers and duties of the several county boards enumerated in section 59.07, special powers are conferred upon them, subject to such modifications and restrictions as the legislature shall from time to time prescribe, to: . . .

"(9) Enact ordinances, by-laws, or rules and regulations, providing for the regulation, control, prohibition, and licensing of dance halls and pavilions, amusement parks, carnivals, street fairs, bathing beaches and other like places of amusement."

The main question here is whether the county board may, as a matter of regulation, forbid public dances on Sunday from 1 a. m. until 8 a. m. Monday and on Christmas Eve and Christmas Day. The manifest purpose of sec. 59.08 (9), Stats., is the regulation of dance halls and places of amusement. The ordinance in question carries out that purpose. So construed, the statute and ordinance are clearly valid. *State ex rel. Pumplin v. Hohle,* 203 Wis. 626, 630, 631, 633, 234 N. W. 735; *Mehlos v. Milwaukee,* 156 Wis. 591, 599, 601, 604, 146 N. W. 882.

In the *Pumplin Case, supra,* the county board of supervisors of Pierce county sought to amend its dance-hall ordinance to provide "that not more than two dance permits shall be granted to any licensed public dance hall or pavilion in any one month." As to this amendment, the trial court said:

"It is true that the resolution here in question does not attempt to completely prohibit the holding of public dances, but it does attempt to limit the number. If a resolution seeking to limit the number to two a month is valid, then a resolution limiting the number to one a month, or one a year, it would seem, is also valid. That is, granting that the county board has authority to limit the number of dances that may be held in any one hall, it by inference has the power to prohibit them altogether, and it is on that principle that my decision in this case is based. . . .

"My conclusion therefore is that the resolution here in question is not valid, because its effect in principle is to prohibit the holding of public dances or maintaining public dance halls and pavilions; that the statute does not authorize the abolition of public dances. . . ."

While this court approved the conclusion reached by the trial court, it did so on the ground that the effect of the

amendment to the ordinance was to absolutely prohibit the holding of public dances at all times excepting on two days during each month. At page 633 the court said:

"True, in connection with the words *regulation, control,* and *licensing,* which are used in the statute empowering the board to enact ordinances to effectuate the regulatory measures prescribed therein, the word 'prohibition' is also used, but, having in mind that the manifest 'leading idea' and purpose of the act is regulation, the purpose and purport of the word *prohibition* used in this act is the prohibition of public amusements operated in disregard or violation of the regulatory provisions of such ordinances.

"So construed, the statute and ordinances are clearly valid." (Citing *Mehlos v. Milwaukee, supra.*)

In the *Mehlos Case* the court passed upon the power to license and regulate public dances, and in discussing the scope and limitations of such power, said:

"There must be reasonable ground for the police interference and also the means adopted must be reasonable for the accomplishment of the purpose in view. So in all cases where the interference affects property and goes beyond what is a *reasonable* interference with private rights, it offends against the general equality clause of the constitution, it offends against the spirit of the whole instrument, it offends against the provision against taking property without due process of law and against taking property for public use without first rendering just compensation therefor. *So every police regulation must answer for its legitimacy at the bar of reasonableness.*"

In view of what the court said in the *Pumplin* and *Mehlos Cases,* applied to the facts alleged in the complaint in the instant action, we have no hesitancy in holding that the ordinance in question, as a measure of regulation, meets the test of reasonableness.

Under its delegated authority, the county board has the power to prohibit "public amusements operated in disregard

or violation of the regulatory provisions of such ordinances." *Pumplin v. Hohle, supra,* p. 633.

The appellant contends that sec. 59.08 (9), Stats. 1935, is a delegation of legislative power to county boards to regulate dancing, and therefore violates sec. 1, art. IV, Const., which provides:

"The legislative power shall be vested in a senate and assembly."

There is no merit in this contention. The court, in the *Mehlos Case, supra,* sustained the delegation of power to cities to regulate dancing. Further, sec. 22, art. IV, Const., provides:

"The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

The appellant further contends that the ordinance, in its definitions of the terms "public dance" and "public dance hall," exceeds the authority granted by sec. 59.08 (9), Stats., and that this section of the ordinance is so ambiguous, inclusive, and so beyond the power granted, as to make it void. Section 2 of the ordinance—Definitions—provides:

"A public dance as used in this ordinance is any dance at which admission can be had by the public generally with or without the payment of a fee, with or without the purchase, possession or presentation of a ticket or token, and any other dance operated by club membership, season ticket, invitation or other system open or offered to the public generally.

"A public dance hall as used herein is *any room or place or space* at which a public dance may be held, or any hall or academy in which classes in dancing are held and instructions in dancing given for pay."

It is apparent that the foregoing definitions are in substance taken from the Milwaukee city ordinance under con-

sideration in the *Mehlos Case*. Of that ordinance, the court said:

"Public meetings and meeting places which are liable to be characterized by disorderly conditions or lead to breaches of the peace or promote immorality have, universally, been considered proper subjects for police regulation. Public dances and dance halls fall within the latter class."

At page 604 the court said:

"We may well observe, in passing, that the suggestion is made that the ordinance violates some of the equality guarantees of the federal constitution. There is no federal guarantee which exempts citizens of the United States from reasonable police regulations as regards persons and property, *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561, or which prevents legitimate classification for the purpose of police regulation. In case of such classification and the regulation affecting all members of the class alike, there is no violation of any equality clause of national or state constitution. These principles are so well understood that it would be a waste of energy to discuss them. As the classification in this case,—halls used for public dances,—obviously satisfies all essentials on the subject of legitimacy, and, just as obviously, the restraints of the ordinance bear equally upon all members of the class, we need not spend much time with this branch of the case, which is argued at some length in the brief of counsel for appellant."

The repeal of sec. 351.46 (so-called "Blue Law"), Stats. 1931, by ch. 74, Laws of 1933, has no bearing on the instant case. No serious contention can be made that the legislature cannot enact as a state law the identical provisions as contained in the ordinance under consideration. It was within the province of the legislature, under sec. 22, art. IV, Const., to confer such power upon the boards of supervisors of the several counties of the state. This the legislature did by enacting sec. 59.08 (9), Stats. In *Kroeplin v. County of Milwaukee,* 180 Wis. 424, 190 N. W. 454, it was held that the regulation of places where nonintoxicating liquors, as de-

fined in ch. 441, Laws of 1921, are sold is within the police power of the state and may be delegated to counties, provided the system of town and county government remains "as nearly uniform as practicable."

On the right of regulation in general, as a proper subject for exercise of police power, see annotation 48 A. L. R. 144, 60 A. L. R. 173.

In construing sec. 22, art. IV, Const., the court in *Supervisors of La Pointe v. O'Malley*, 47 Wis. 332, 336, 2 N. W. 632, 635, said:

"We are inclined to hold that when any subject of legislation is entrusted to said county boards, by general words, such boards acquire the right to pass any ordinance necessary or convenient for the purpose of disposing of the whole subject so committed to them; and that, for the purpose of disposing of such subject they have all the powers which the legislature itself would have over the same subject, unless the legislature, in conferring such power, has restricted the power of the boards, or directed that it should be done in a certain way." *Lund v. Chippewa County*, 93 Wis. 640, 646, 67 N. W. 297; *State ex rel. Rose v. Superior Court of Milwaukee County*, 105 Wis. 651, 673, 81 N. W. 1046.

The right to regulate public dances and dance halls necessarily implies the right to enforce closing hours. In the *Pumplin Case, supra,* the court held that the county board, under its delegated authority, had the right to prohibit "public amusements operated in disregard or violation of the regulatory provisions of such ordinances." In 43 C. J. p. 363, § 422, it is said:

"Public dances and dance halls may be proper subjects for regulation by municipal corporations. . . . Such regulations are regarded as proper exercise of the police power. In the exercise of the power municipal corporations . . . may forbid dancing on Sunday; and within reasonable limits may regulate or prescribe the opening and closing hours of dance halls."

*Conley v. Buffalo,* 65 Misc. 100, 102, 119 N. Y. Supp. 87, 88; *Geyer v. Buck* (Sup.), 175 N. Y. Supp. 613, 48 A. L. R. 177; *Power v. Nordstrom,* 150 Minn. 228, 184 N. W. 967, 18 A. L. R. 733.

The appellant further contends that even though the ordinance is valid, it does not apply to his place of business as it is conducted. because it is not a public-dance hall. We are concerned only with the dance feature of the appellant's place of business. The ordinance does not relate to the tavern or restaurant business. It does regulate, and properly so, .the public dances which are held in the same building. It appears from the allegations of the complaint that appellant maintains a place for dancing. The public is admitted and does dance. An orchestra is in daily attendance to furnish the music. An officer of the law is usually in attendance every evening to maintain law and order. The fact that no charge is made for dancing does not determine the public nature of the dance, nor does the fact that the premises are on some occasions used for other purposes have any bearing on the public-dance features of the appellant's business. That is the only part of the business the ordinance in question relates to and regulates. A dance hall is not necessarily a place used exclusively for dancing. Nor is a tavern or restaurant a place used exclusively for the sale of liquor and meals. Any part of the appellant's premises in which public dances are being held is a dance hall within the intent and language of the ordinance. The closing time for dancing is a reasonable regulation. The statute and ordinance in question are valid.

*By the Court.*—Judgment affirmed.