PEOPLE *v.* BRONKHURST.

1. WORDS AND PHRASES—PUBLIC DANCE HALL.
    A public dance hall is primarily devoted to dancing (2 Comp. Laws 1929, §§ 8903–8910, as amended).

2. TOWNSHIPS—PUBLIC DANCE HALLS—STATUTES.
    Insofar as dance halls are concerned, statute regulating public billiard and pool rooms, dance halls, bowling alleys and soft-drink emporiums outside of incorporated cities and villages applies to public dance halls alone (2 Comp. Laws 1929, §§ 8903–8910, as amended).

3. INNKEEPERS—DANCE HALLS—STATUTES—INTOXICATING LIQUORS.
    Defendant who conducts a tavern in which beer, wine and liquor are sold under license by the liquor control commission and, after compliance with all regulations of the township, county and State authorities by obtaining a dance-hall permit after approval thereof by the township board and sheriff, permitted dancing on an 18' x 24' space in 40' x 60' tavern merely incidentally to the other business therein conducted, *held*, not guilty of violation of statute regulating public dance halls (2 Comp. Laws 1929, §§ 8903–8910; Act No. 8, Pub. Acts 1933 [Ex. Sess.]).

BUSHNELL, C. J., and SHARPE, J., dissenting.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 25, 1940. (Docket No. 134, Calendar No. 41,000.) Decided October 7, 1940.

Myrtle Bronkhurst was convicted of operating a public dance hall without having a license. Reversed.

*Thomas Read,* Attorney General, and *Elbern Parsons,* Prosecuting Attorney, for the people.

*Harold E. Storz* and *Matthew C. Locke,* for defendant.

McAllister, J.   Respondent, in compliance with the regulations of the liquor control commission, obtained a dance-hall permit after approval by the township board and the sheriff.   She conducts a tavern, and is licensed to do so by the liquor control commission.   Because dancing is permitted with phonograph music, it cannot be said that she conducts a public dance hall and is subject to the provisions of Act No. 53, Pub. Acts 1921, as amended (2 Comp. Laws 1929, §§ 8903–8910, as amended [Stat. Ann. §§ 18.491–18.498]), regulating public dance halls outside incorporated cities and villages.   A public dance hall is primarily devoted to dancing. On respondent's premises, dancing is merely incidental to the other business conducted.   When the legislation above-mentioned was enacted, there was in existence in this State no business similar to that now carried on by respondent.   Taverns, as conducted in this case, came into existence in 1933, with the enactment of the liquor control statute. Public dance halls did exist, however, at the time Act No. 53 went into effect, and have continued to exist ever since; and the act has application to them alone.

Respondent complied with all of the regulations of the township, county, and State authorities.   If it be sought to make taverns subject to the same laws as public dance halls, recourse may be had to the legislature.   Respondent was guilty of no violation of the statute.

Judgment is reversed.

Chandler, Wiest, and Butzel, JJ., concurred with McAllister, J.

Boyles, J. (*concurring*).   Respondent was tried and convicted in the circuit court, without a jury, of operating a public dance hall without first having

obtained the license required by Act No. 53, Pub. Acts 1921, as amended (2 Comp. Laws 1929, §§ 8903–8910, as amended [Stat. Ann. §§ 18.491–18.498]). Respondent was the holder of a class "C" tavern license from the liquor control commission to sell alcoholic liquors, wine and beer for consumption on premises located outside the limits of an incorporated city or village.

Respondent's principal business on these premises was the sale of intoxicating liquors, although she occasionally furnished chicken dinners. The approximate area of the building occupied by her business was 60 by 40 feet, within which a space of 18 by 24 feet was reserved for dancing, entirely surrounded by chairs and tables for her customers. Customers who were seated and made a purchase were allowed to dance, the music being furnished by a coin-operated music box set into operation by the depositing of a nickel therein by a customer. No separate charge was made for dancing, and no advertising or other public solicitation was made calling attention that dancing was permitted. The privilege of dancing was merely an incentive to draw customers.

The question is largely as to which of two applicable statutes controls the situation.

Act No. 53 regulates the establishment, maintenance and conduct of public dance halls, billiard and pool rooms, bowling alleys, and soft-drink emporiums outside of an incorporated city or village. It was enacted while the manufacture and sale of liquor were unlawful in Michigan and makes no express provision for licensing a place where liquor is sold. On the contrary, section 4-a of this act expressly provides that every public dance hall license granted under the act shall be revoked for certain specific causes, *inter alia* the sale or consumption of intoxicating liquors on the premises. Obviously, a license

to operate a public dance hall under this act must be distinguished from a permit under the liquor control act to allow dancing on premises where intoxicating liquors are sold for consumption.

When Act No. 53 became the law of this State, the manufacture and sale of intoxicating liquors (with certain exceptions) were unlawful in this State. Subsequently, at the November, 1932, election, Michigan ratified an amendment to its Constitution (Const. 1908, art. 16, § 11) which provides for the lawful sale of intoxicating liquors and authorizes the legislature to establish a liquor control commission. This amendment provides:

"Subject to statutory limitations, [the commission] shall exercise *complete control* of the alcoholic beverage traffic within this State."

Under this amendment, the legislature by Act No. 8, Pub. Acts 1933 (Ex. Sess.) (see Comp. Laws Supp. 1940, § 9209-16 *et seq.* [Stat. Ann. § 18.971 *et seq.*]'), created the liquor control commission and authorized the sale of alcoholic liquors. Section 7 of this act directs the commission to adopt rules and regulations and under that authority the commission adopted Rule No. 15[*] forbidding its licensees to allow dancing upon licensed premises unless a dance permit be obtained. Respondent was the holder of such a dance permit.

The provisions of Act No. 53, requiring a license to maintain and conduct a public dance hall outside the limits of incorporated cities and villages, is not necessarily in conflict with the later constitutional amendment or with the liquor control act and Rule No. 15 of the liquor control commission. Act No. 53 merely purports to regulate the establishment and maintenance of public dance halls. Rule No. 15

---

[*] Effective November 1, 1937.—REPORTER.

merely declares that no person holding a license from the commission to sell intoxicating liquors on his premises shall allow dancing on the premises without obtaining a permit. Strictly construed, Rule No. 15 means that if the licensee allows or permits any dancing whatever upon his premises without the permit referred to, he violates the liquor control act and subjects himself to revocation of his license to sell intoxicating liquors. The allowing of occasional dancing on the premises as indicated by the record in this case is not the same as maintaining and conducting a public dance hall.

A public dance hall is any room or place at which a public dance is held. It contemplates that the public shall be admitted mainly for the purpose of dancing. *Stetzer* v. *Chippewa County*, 225 Wis. 125 (273 N. W. 525).

The conviction at bar, if upheld, means that respondent should have obtained the public dance hall license required by Act No. 53. The respondent, by applying for such a license from the township board, would be in the position of admitting that the business conducted by her was that of maintaining and conducting a public dance hall within the meaning of Act No. 53. If the respondent applied for and obtained a public dance hall license, she would *ipso facto* be compelled to discontinue the sale of intoxicating liquors on the premises or otherwise submit herself to section 4-a of that act which requires that the public dance hall license be revoked by the township board if she sold intoxicating liquors on the premises. There is an obvious distinction between a license to maintain and conduct a public dance hall as referred to in Act No. 53, and a permit from the liquor control commission to allow dancing under Rule No. 15.

While the record is very meager as to the facts in the instant case, it fails to disclose a violation of

Act No. 53. There is no conflict in the testimony and the judgment of the trial court in applying the facts to the law was erroneous. The conviction does not indicate proper consideration of the distinction between a public dance hall under Act No. 53, and providing a place for occasional dancing under the liquor law.

Conviction set aside and respondent discharged.

NORTH, J., concurred with BOYLES, J.

SHARPE, J. (*dissenting*). Respondent was arrested, tried and convicted of operating a public dance hall without first having obtained the required license in violation of Act No. 53, Pub. Acts 1921, as amended (2 Comp. Laws 1929, §§ 8903–8910, as amended [Stat. Ann. §§ 18.491–18.498]).

Respondent operates a class "C" tavern under license of the liquor control commission in Robinson township, Ottawa county, which place of business is outside an incorporated city or village. Her license authorized her to sell beer, wine and liquor for consumption on the premises and she also had a specially designated merchant's license authorizing her to sell beer and wine for consumption off the premises. She specializes in chicken dinners. Respondent, in compliance with Rule No. 15 of the rules and regulations of the liquor control commission,* obtained a dance permit which was approved by the township board of Robinson township and the sheriff of Ottawa county.

The place where respondent conducts her business is in a building 60 by 40 feet in size, or 2,400 square feet, and the area reserved for dancing is a place 18 by 24 feet. Patrons of the establishment, who are seated at tables and who have ordered either food or drink, may insert one or more nickels in a

---

* Effective November 1, 1937.—REPORTER.

coin-operated music box and dance in the space reserved for dancing. The dance space is entirely surrounded by tables. There are no cards or advertisements holding out that public dancing would be permitted on the premises. The privilege of dancing is an incentive to draw business.

Respondent contends that Act No. 53 does not intend that a place such as is operated by her should be considered a public dance hall, and that the court erred as a matter of law in stating that the liquor control commission had no power to issue a dance permit as provided for in Rule No. 15 of the rules and regulations of the commission. Act No. 53 provides that no public dance hall shall be maintained or conducted outside of an incorporated city or village by any person without first obtaining a permit to operate such place from the township board wherein such place is established. It is conceded that respondent has no such permit as is contemplated by this act.

It is urged that the above act was repealed by implication. The liquor control statute, Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended, does not specifically repeal the above act, but does give to the commission the right, power and duty to control the alcoholic beverage traffic including the manufacture, importation, possession, transportation and sale thereof. Nowhere in the act will you find any authority vested in the liquor control commission to control or regulate any public billiard or pool room, public dance hall, bowling alley or soft-drink emporium as is mentioned in Act No. 53. The so-called liquor act regulates the liquor industry. The public dance hall act regulates public dances and other businesses therein mentioned. In our opinion, the liquor act does not repeal by implication or otherwise Act No. 53, and the commission has no power or authority to

grant or revoke a permit to operate a public dance hall.

It is also urged that respondent did not conduct a public dance hall. Act No. 53 does not define a public dance hall, but in the case at bar, the tavern has but one floor and all patrons who conduct themselves properly may enjoy the privilege of dancing upon a space specially reserved for that purpose. No charge is made for dancing. We have never defined the term 'public dance hall.'

The opinion in *Stetzer* v. *Chippewa County,* 225 Wis. 125 (273 N. W. 525), sheds some light upon the subject. In that case the ordinance involved defines a public dance hall as follows, "A public dance hall as used herein is *any room or place or space* at which a public dance may be held, or any hall or academy in which classes in dancing are held and instructions in dancing given for pay." The supreme court of Wisconsin there said:

"The appellant further contends that even though the ordinance is valid, it does not apply to his place of business as it is conducted, because it is not a public dance hall. We are concerned only with the dance feature of the appellant's place of business. The ordinance does not relate to the tavern or restaurant business. It does regulate, and properly so, the public dances which are held in the same building. It appears from the allegations of the complaint that appellant maintains a place for dancing. The public is admitted and does dance. An orchestra is in daily attendance to furnish the music. An officer of the law is usually in attendance every evening to maintain law and order. The fact that no charge is made for dancing does not determine the public nature of the dance, nor does the fact that the premises are on some occasions used for other purposes have any bearing on the public-dance feature of the appellant's business. That is the only part of the business the

ordinance in question relates to and regulates. A dance hall is not necessarily a public place used exclusively for dancing. Nor is a tavern or restaurant a place used exclusively for the sale of liquor and meals. Any part of the appellant's premises in which public dances are being held is a dance hall within the intent and language of the ordinance.''

We are impressed with the reasoning of the court in the above case and are of the opinion that respondent was conducting a public dance hall within the meaning of Act No. 53, and must comply with the provisions of said act.

The conviction should be affirmed.

BUSHNELL, C. J., concurred with SHARPE, J.